

**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
Bedford MA 01730

EXHIBIT 101

Via Certified Return Receipt & Regular Mail

May 23, 2000:  In reply refer to: 08M

Joanne Frasure
c/o Thomas W. Bucci, Esq.
Willinger, Willinger Tower and Bucci
855 Main Street
Bridgeport, CT 06604

**Subj: Amendment to Acceptance Letter Which is Now a Mixed Case Complaint**

Dear Mr. Bucci:

This will acknowledge receipt of the amendment to your client's EEO discrimination complaint case number 00-0737. The official filing date of the amended complaint is **May 15, 2000.** This date is based on the date the fax was received. This is to notify you and your client that the initial acceptance letter dated 2-25-00 has been amended. It also should be stated that the complaint now is categorized as a mixed case complaint since the removal is appealable to the Merit Systems Protection Board.

Your client's initial formal complaint raised a claim that based on **disability (hand, arm, nerve and liver damage) and reprisal**, your client was harassed by her supervisor. In support of that claim, your client has identified the following events:

   (A) Claim -- **Harassment**
   (a) 10-28-99 issued a notice to obtain medical information
   (b) 10-28-99 your accommodated work restrictions have been a burden to your service
   (c) 10-28-99 your continued employment was in jeopardy
   (d) 10-28-99 rearrangement of your work unit
   (e) 11-23-99 your disability doesn't count

The complaint also raised a claim of disparate treatment based on **disability (hand, arm, nerve and liver damage) and reprisal** with respect to non-selection and in support of that claim, your client identified the following event:

(B) Claim – **Non-Selection**

(a) On 10-28-99 aware of why not selected for GS-679 6/7 Lead Medical Clerk position

Recently, an additional claim has been raised. After review of documents that were submitted, we have determined that the following claim is like or related to the claim raised in the complaint case number 00-0737.. Therefore the complaint is amended to include the claim of disparate treatment based on **disability (hand, arm, nerve and liver damage) and reprisal** with respect to your client's separation with the following events:

(C) Claim – **Removal**

(a) On 5-12-00 issued a removal letter

EEO regulations permit that a claim may be amended anytime prior to the conclusion of the investigation to include claims like or related to those raised in the initial complaint. Authority: 29 C.F.R. § 1614.106(d). Your complaint has not been investigated to date; therefore, the new claim can be added to your complaint for an investigator to investigate.

The precise claims now accepted for investigation are as follows:

*(A) Whether on the bases of disability and reprisal, you were subjected to a pattern of harassment as evidenced by the following events:*

*(1) On 10-28-99 you were issued a letter entitled, Determination of Ability to Perform Essential Duty Functions soliciting your current medical status;*

*(2) The above 10-28-99 letter stated that your accommodated work restrictions have presented "an undue burden to your service and an adverse impact on its mission";*

*(3) The above 10-28-98 letter stated that the information you provide would determine your continued employment;*

*(4) On 10-28-99 your supervisor ordered your work unit had to be rearranged to accommodate another disabled worker who would be sharing your workspace; and*

      *(5) On 11-23-99 your supervisor told you that your disability didn't count.*

*(B) Whether on the bases of disability and reprisal, you were treated in a disparate manner in matters of non-selection as follows:*

      *(1) On 10-28-98 you became aware that your non-selection for promotion to the GS-679 6/7 Lead Medical Clerk position (vacancy announcement # 99-63) was based on discrimination.*

*(C) Whether on the bases of disability and reprisal, you were treated in a disparate manner in matters of your removal as follows:*

      *(1) On 3-22-00 you were issued a proposed removal letter followed by a removal letter dated 5-12-00, which removed you from employment in the Department of Veterans Affairs effective close of business 5-19-00.*

Accepted claim(s) (A) (B) and (C) will be assigned to an impartial investigator under the supervision of the Office of Resolution Management (ORM), who will investigate the complaint. The investigator will contact you and your client directly in order to obtain information or evidence your client may wish to offer. The agency is required to investigate the complaint in a timely manner. The investigation and final agency decision must be completed within 120 days of the filing of the complaint. You and your client will be provided with a copy of the investigative file upon completion and you and your client will be advised, in writing at that time, that the file will be transmitted to the Office of Employment Discrimination Complaint Adjudication (OEDCA) for a final agency decision (FAD). The FAD will be issued within 45-calendar days of receipt of the investigative file. ODECA will advise you and your client of its decision and the right to appeal the FAD, within 30 calendar days of receipt, to the U.S. Merit System Protection Board (MSPB).

If you and your client do not receive a FAD on the complaint within 120 calendar days of the date your client filed the amendment to the formal complaint of discrimination, you and your client have the right to file an appeal with the U.S. Merit Systems Protection Board (MSPB) without waiting further or you and your client may file a civil action, but not both. You and your client may not, however, file an appeal before the 121st day, unless you and your client receive a FAD on the complaint sooner. Any appeal that you and your client may file on the 121st day should be addressed to:

      **Regional Director**
      **Merit Systems Protection Board**
      **95 Summer Street, Suite 1810**
      **Boston, MA  02110**

If you and your client file a civil action, you must name the Secretary of Veterans Affairs as the defendant. The head of the Department of Veterans Affairs is **Togo D. West, Jr.** His official title is **Secretary of Veterans Affairs**. Failure to provide the name and official title of the head of the Department may result in dismissal of the case. If your client does not have an attorney or is unable to obtain the services of an attorney, the court may, in its discretion and upon request, appoint an attorney to represent your client in the matter. The court may also authorize commencement of the civil action without payment of fees, costs, or security.

You and your client must keep this office advised of **any** change of address. Failure to do so could lead to dismissal of your complaint. Copies of all subsequent actions on the complaint will be mailed or delivered to you with copies to your client, unless your client advises us in writing that he/she is no longer represented by you.

If you and your client believe that the accepted claims are improperly formulated, incomplete, or incorrect, you and your client have the opportunity to notify this office within 7-calendar days, in writing or by fax, to state your disagreement. If you and your client do not contact this office within 7-calendar days, it will be assumed that the claim(s) is/are correctly stated.

A goal of the EEO process is to achieve a mutual resolution of complaints of discrimination. Resolution may occur at any stage and we encourage the parties involved to explore resolution or to utilize the Alternative Dispute Resolution (ADR) process. Should your client desire to utilize the ADR process, my staff will be available to assist him/her.

If you and your client have any questions concerning the processing of your complaint, please contact Charlene Jones, EEO Intake Specialist, at (781) 687-3808 or by fax (781) 687-3830.

Sincerely yours,

*[signature]*

WILLIE N. LOW
Regional EEO Officer

cc: Facility Director
    Complainant