UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT



2004 SEP 13 P 3: 18

U.S. DISTRICT COURT

| | |
|---|---|
| JOANNE FRASURE, | : |
| Plaintiff, | : |
| v. | : CIVIL NO.3:00CV2407(WIG) |
| ANTHONY J. PRINCIPI, SECRETARY OF VETERANS AFFAIRS, | : |
| Defendant. | : SEPTEMBER 10, 2004 |

## DEFENDANT'S SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

In response to the Court's Order for Additional Briefing, the Defendant hereby submits this supplemental reply brief in further support of his motion for summary judgment and in response to the plaintiff's additional opposition briefing (Plaintiff's Brief) of September 7, 2004.

I. **Plaintiff's Claims of Disability Discrimination and Failure of Selection for Promotion Were Grievable as the Term "Appointment" in 5 U.S.C. § 7121(c)(4) Only Applies to Initial Appointments into Federal Service**

A. Plaintiff's Claims are Barred by Her "Election of Remedies"

As previously set forth by the Defendant in the summary judgment memorandum, before her termination from employment plaintiff was a federal employee and union member (American Federation of Government Employees (AFGE)) governed by a collective bargaining agreement that permitted claims of employment discrimination to be raised within its negotiated grievance procedures. **Local Rule 56(a)1 Statement, ¶ 27 and 28; Exhibits 17** (Plaintiff's Union Grievance) and **Exhibit 18** (Master Agreement between the Department of Veterans Affairs and the AFGE, Article 42, Grievance Procedure, Master Agreement of 1997).

As such, plaintiff was entitled to make an allegation of employment discrimination within the AFGE negotiated grievance procedures or within the EEO process, but not both. Id; See 5 U.S.C. § 7121 (d); 29 C.F.R. 1614.301(a). An AFGE-member federal employee such as plaintiff is deemed to have elected her remedy in this regard by the filing of a written complaint in either forum. Id. If an employee files a written grievance with the union, like plaintiff did in this case on June 21, 1999 **(Ex. 17)**, she may not later file an EEO complaint concerning the same matter. Id. Furthermore, once an employee files a union grievance she may not bring an action in district court until she has gone completely through the grievance process, up to and including arbitration, regardless of how long it takes. AFGE v. Reno, 992 F. 2d 331, 333-336 (D.C. Cir. 1993); Guerra v. Cuomo, 176 F. 3d 547, 549 (D.C. Cir. 1999); **Ex. 18.** Failure to fully exhaust in this manner precludes a later district court action. Id.; Smith v. Kaldor, 869 F. 2d 999, 1004-7 (6th Cir. 1989)(court held that plaintiff, a former employee at a VA hospital who had elected to grieve his wrongful discharge claim with the union pursuant to a collective bargaining agreement, was unable to simultaneously pursue statutory remedies under Title VII until he had first exhausted his negotiated grievance procedure). Id. at 1004.

As the Ninth Circuit explained in Vinieratos v. Air Force, 939 F. 2d 762, 768 (9th Cir. 1991), under the terms of the Federal Labor-Management Relations Act, 5 U.S.C. §§ 7101-35, "a federal employee who alleges employment discrimination must elect to pursue his claim under either a statutory procedure or a union-assisted negotiated grievance procedure; he cannot pursue both avenues, and his election is irrevocable." In addition, the Court in Vinieratos noted that abandonment of one process to pursue another avenue of relief constitutes a failure to exhaust. Id. at 769.

2

In this case, plaintiff filed a union grievance on June 21, 1999 **(Ex. 17)** regarding her failure of selection for promotion based upon her alleged disability, but then abandoned the negotiated grievance procedure, without fully exhausting the process, and subsequently filed an EEO complaint addressing the same matter on January 12, 2000 **(Ex. 24)**.

B. <u>Plaintiff's Claims Do Not Involve an "Appointment" Under 5 U.S.C. § 7121(c)(4)</u>

Counsel for plaintiff incorrectly asserts that the "election of remedies" defense is inapplicable as the promotion to Lead Medical Clerk involved an "appointment" and was therefore excluded from the grievance process under 5 U.S.C.§ 7121(c)(4). Plaintiff's Brief, p. 6-7. However, plaintiff still has not proffered any evidence to suggest that the promotion to Lead Medical Clerk was an appointment at all. More importantly, while § 7121(c)(4) does provide that the scope of a grievance procedure under the applicable collective bargaining agreement may not extend to any grievance concerning an "examination, certification, or appointment," it is well settled that the term "appointment" relates solely to the initial appointment into the federal service. See, e.g. <u>Suzal v. Director, United States Information Agency</u>, 32 F. 3d 574, 580 (D.C. Cir. 1994); <u>Brammer v. United States</u>, 24 Cl. Ct. 487, 492 (1991); <u>United States Dep't of Agriculture, Rural Development Centralized Servicing Center and AFGE Local 3354</u>, 57 FLRA 166, 2001, WL 1035058, *4 (May 21, 2001); <u>United States Dep't of Defense, Office of Dependent Schools, Kaiserslautern, Germany and Overseas Educ. Ass'n.</u>, 51 FLRA 210, 212 (1995); <u>National Fed'n of Fed. Employees Local 1636 v. United States Dep't. of Defense, Nat'l Guard Bur.</u>, 48 FLRA 511, 513-14(1993); <u>United States Dep't. of Defense, Office of Dependent Schools v. Overseas Educ. Ass'n.</u>, 45 FLRA 1411,1415-17 (1992). The potential promotion to Lead Medical Clerk could not possibly have involved an initial

appointment into the federal service for the plaintiff as she had been a federal employee for Department of Veterans Affairs for over one year at the time of the selection in June 1999. **Local Rule 56(a)1 Statement, ¶ 1.**

Accordingly, plaintiff's failure to fully exhaust the administrative remedy she initially selected - - the contractual grievance procedure - - bars her claims in Counts I and II concerning disability discrimination and her failure of selection for promotion from consideration by this court and these claims must be dismissed for a lack of subject matter jurisdiction. See also Manios v. West, Slip Op. 2003 WL 1875491 (9th Cir. (Cal.)) April 14, 2003; Taylor v. Dam, 244 F. Supp. 2d 747, (S.D. Tex. 2003); Guerra v. Cuomo, 176 F. 3d 547 (D.C. Cir. 1999).

II.     **Plaintiff's Grievance Was Not Precluded by 5 C.F.R. 335.103(d)**

Counsel for plaintiff also attempts to raise a new issue, i.e., that 5 C.F.R. § 335.103(d) precluded plaintiff's union grievance as her claim of "nonselection [for promotion] from among a group of properly ranked and certified candidates is not an appropriate basis for a formal complaint or grievance." Plaintiff Brief, p. 9 (quoting § 335.103(d)). However, plaintiff's claim regarding her failure of selection for promotion has never been that she was merely not selected from a group of properly ranked and certified candidates. Rather, plaintiff's claim is that she was denied a promotion to Lead Medical Clerk as a result of disability discrimination. See, e.g. **Exhibit 17,** AFGE Complaint Form of June 21, 1999; Plaintiff's Brief at p. 2 ("After the plaintiff raised the presence of disability discrimination in her grievance . . ..").

As previously set forth by Defendant, and undisputed by plaintiff, the applicable collective bargaining agreement, AFGE Local 1674, allowed for claims of employment discrimination to be grieved. See **Exhibit 18,** Master Agreement between the Department of

4

Veterans Affairs and the AFGE, Article 42, Grievance Procedure, Master Agreement of 1997. Furthermore, it is undisputed that, on June 21, 1999, plaintiff filed a written grievance with her union, the American Federation of Government Employees (AFGE), Local 1674, alleging that disability discrimination resulted in her non-selection for the Lead Medical Clerk position. **Exhibit 17**, AFGE Complaint Form of June 21, 1999; See also, **Exhibit 8**, pages 110-112. By filing a written grievance of disability discrimination with the union, plaintiff exercised her option to proceed under the negotiated grievance procedures.

Counsel speculates that "On the record before the Court, it appears that there was a joint recognition by the plaintiff and the defendant that the plaintiff's non-appointment could not be addressed through the grievance process." Plaintiff Brief, p. 4. However, it is the filing of the grievance that triggers the election. See 5 U.S.C. § 7121 (d); 29 C.F.R. 1614.301(a)(federal employee is deemed to have elected her remedy by the filing of a written complaint in either forum). Plaintiff concedes the grievance was filed. See Plaintiff's Memorandum in Opposition to Summary Judgment, p. 21; Plaintiff Brief, p. 1-2 ("When she [plaintiff] was not selected for promotion, the plaintiff filed a grievance through her union complaining about her non-selection.") ; **Ex. 8** (Plaintiff's deposition, pages 110-112). Accordingly, the reason for plaintiff's abandonment of the grievance is irrelevant.

III.    **CONCLUSION**

Therefore, for the foregoing reasons, the Defendant respectfully maintains that this Court lacks subject matter jurisdiction over plaintiff's claims of disability discrimination and failure for selection of promotion to the position of Lead Medical Clerk.[1]

Respectfully submitted,

DEFENDANT, ANTHONY J. PRINCIPI
SECRETARY OF VETERANS AFFAIRS

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

*William Brown/cmh*
WILLIAM M. BROWN, JR.
ASSISTANT U.S. ATTORNEY
157 CHURCH STREET
NEW HAVEN, CT 06508
203 821-3700
FEDERAL BAR NO. Ct20813
william.m.brown@usdoj.gov

---

[1] The Defendant does not herein argue that the "election of remedies" defense also precludes plaintiff's subsequent retaliation claim regarding her termination from employment. Rather, the Defendant maintains that plaintiff retaliation claim fails for independent reasons previously set forth. See Def.'s Summary Judgment Memo., pp. 8-11.

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the within and foregoing, has been mailed, postage prepaid, on this 13th day of September, 2004, to:

Thomas W. Bucci, Esq.
Willinger, Willinger, & Bucci, P.C.
855 Main Street
Bridgeport, CT 06604

WILLIAM M. BROWN, JR./amh
ASSISTANT U.S. ATTORNEY