# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOANNE E. FRASURE, | : | Civil No. 3:00cv2407 (WIG) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| R. JAMES NICHOLSON, | : | |
| SECRETARY OF VETERANS | : | |
| AFFAIRS, | : | |
| Defendant. | : | AUGUST 12, 2005 |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

### INTRODUCTION/DUTIES/BURDEN

### INSTRUCTION NO. 1

MEMBERS OF THE JURY:

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence.

Counsel will quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you of course are to be governed by the instructions.

You are not to judge the wisdom of any rule of law stated by the Court.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors; and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

This case should be considered and decided by you as an action between persons of equal standing in the community.  A government agency is entitled to the same fair trial at your hands as a private individual.  All persons, including corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

A government agency is liable for the wrongful acts of an officer, agent or employee if the acts are done in the scope of the employment.

Whenever a party must prove something they must do so by the preponderance of the evidence.  Preponderance of the evidence is evidence that is more convincing than opposing evidence.  Preponderance of the evidence does not depend upon the number of witnesses testifying on one side or the other.

<u>EVIDENCE</u>

INSTRUCTION NO. <u>2</u>

You shall base your verdict only upon the evidence and these instructions.  Evidence is: (1) testimony in person or by deposition; (2) exhibits received by the court; and (3) any other matter admitted.  Evidence may be direct or circumstantial.  The weight to be given any evidence is for you to decide.  The following are not evidence: (1) statements, arguments, questions and comments by the lawyers; (2) objections and rulings on objections; (3) testimony I told you to disregard; and (4) anything you saw or heard about this case outside the courtroom.

You will decide the facts from the evidence.  Consider the evidence using your observations, common sense and experience.  You must try to reconcile any conflicts in the evidence; but, if you cannot, you will accept the evidence you find more believable.  In determining the facts, you may have to decide what testimony you believe.  You may believe all, part or none of any witness' testimony.  There are many factors which you may consider in deciding what testimony to believe, for example: (1) whether the testimony is reasonable and consistent with other evidence you believe; (2) the witness' appearance, conduct, intelligence, memory and knowledge of the facts; (3) whether the witness has given statements in the past that are inconsistent with his or her testimony at trial; and (4) the witness' interest in the trial, their motive, candor, bias and prejudice.

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

Certain testimony has been read into evidence from a deposition. A deposition is testimony taken under oath before the trial and preserved in writing or on videotape. Consider that testimony to the best of your ability as if it had been given live in court.

During this trial, you have heard the word "interrogatory." An interrogatory is a written question asked by one party of another, who must answer it under oath in writing. Consider interrogatories and the answers to them as if the questions had been asked and answered here in court.

You have heard testimony from persons described as experts. Persons who have become experts in a field because of their education and experience may give their opinion on matters in that field and the reasons for their opinion.

Consider expert testimony just like any other testimony. You may accept it or reject it. You may give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

ELEMENTS OF THE CLAIM - DISABILITY DISCRIMINATION

INSTRUCTION NO. 3

I. *Disability Discrimination*

The plaintiff, Joanne Frasure, seeks damages against the defendant, Togo D. West as the Secretary of the Department of Veterans Affairs, referred to in these instructions as the V.A., for intentional disability discrimination. The defendant denies the plaintiff's claim. The claim made by the plaintiff is based on a federal law known as the Rehabilitation Act. Section 504 of the Rehabilitation Act, which provides "no otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity . . . conducted by any Executive Agency . . . " *Title 29 U.S.C. § 794(a).* Under this section of the Rehabilitation Act, an employer may not deprive a qualified individual with a disability of an employment opportunity because of the disability, if the disability does not interfere with the essential functions of the position. The plaintiff claims that the defendant was motivated by disability discrimination when it decided to terminate her employment with the Department of Veterans Affairs. The defendant denies the claim made by the plaintiff and asserts that it terminated the plaintiff's employment on the basis of various legitimate non-discriminatory reasons. It is your responsibility to determine whether the plaintiff has proven her claim by a preponderance of evidence. An employer who violates the statute may be liable for monetary damages. For the

purposes of the Rehabilitation Act, the defendant, the Department of Veterans Affairs, is the

plaintiff's employer and is bound by the provisions of the Rehabilitation Act.  *Title 29 U.S.C. §*

*794(a).*

To establish a claim of disability discrimination under the Rehabilitation Act, the plaintiff

must prove the following elements by a preponderance of the evidence:

1. The plaintiff has a disability within the meaning of the Rehabilitation Act;

2. The plaintiff was a qualified individual who could perform all of the essential functions of her

position with or without reasonable accommodation; and

3. The plaintiff's disability was a motivating factor in the defendant's decision to terminate

plaintiff's employment on May 19, 2000.  It is not necessary for plaintiff to prove that her

disability was the sole or exclusive reason for her termination.

If you find that each of the elements on which the plaintiff has the burden of proof has

been proved, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed

to prove any of these elements, your verdict should be for the defendant.

As an employer, the defendant, the V.A. has the right to make business decisions -- such

as the decision whether to terminate plaintiff Joanne Erasure's employment for good reason, bad

reason, or for no reason at all, absent discrimination based on disability.  You should not find

that the defendant's decision as to whether to terminate the plaintiff's employment is unlawful

just because you may disagree with the wisdom of the defendant's stated reasons or because you believe the decision was harsh or unreasonable.  The question for you to decide is whether disability was a motivating factor in the decision to terminate the plaintiff's employment, not whether the termination was a good or bad idea from a business standpoint.

You may find that the plaintiff's complaints about being the subject of disability discrimination were motivating factors in the defendant's decision to terminate her employment if the plaintiff has proved by the preponderance of the evidence that the defendant's stated reasons for its decision to terminate her employment were a pretext to hide its discrimination.

<u>DEFINITIONS UNDER THE REHABILITATION ACT</u>

INSTRUCTION NO. <u>4</u>

<u>Disability</u>

The first element of the Rehabilitation claim that the plaintiff must prove is that the plaintiff has a recognized disability under the Rehabilitation Act on May 19, 2000.  A disability under the Rehabilitation Act is a physical impairment that substantially limits one or more of the major life activities of such individual, a record of such a physical impairment, or being regarded as having such a physical impairment.  As a result of having  lost the use of the third through fifth fingers on her right hand, which permanently remain in a clasped position on the palm of her hand, the plaintiff contends that, she is an otherwise qualified individual with a disability.

To find that the plaintiff is disabled under the Act, you must first determine whether the plaintiff has a physical or mental impairment and then you must decide whether the impairment substantially limits one or more of the plaintiff's major life activities.

A "physical or mental impairment" is defined as any physiological disorder or condition affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory, cardiovascular, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine.

Major life activities are the normal activities of living which a non-disabled person can do with little or no difficulty, such as caring for oneself, performing manual tasks, walking, sleeping, seeing, hearing, speaking, breathing, learning, reproduction, working and interacting with others.  When the major life activity under consideration is the ability to perform manual tasks, the impairment of that ability must, either permanently or over a lengthy period, prevent or substantially restrict the plaintiff from doing activities that are of central importance to most people's daily lives, either as independent tasks or when viewed together.  A claim arising from limitations on performing manual tasks requires that the plaintiff prove by a preponderance of evidence that she is unable to perform activities that are central to most people's lives.

A limitation is substantial if the disabled person is unable to perform the activity or is significantly restricted in doing so.  Factors to consider in deciding whether a major life activity is substantially limited include: (1) the nature and severity of the impairment; (2) the expected

duration of the impairment; and (3) the permanent or long-term impact of the impairment.

To prove that a person is actually disabled, the person must be substantially limited in one or more major life activities.

You have heard the definition of disability under the Rehabilitation Act. That is the definition you should apply. You should not apply or consider any other definition of disability, including the definition relevant to social security benefits or private insurance disability benefits.

Qualified Individual

The second element of the Rehabilitation Act claim that the plaintiff must prove is that the plaintiff is a qualified individual under the Rehabilitation Act.

A "qualified individual with a disability" is defined as a person with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position from which the plaintiff was terminated.

Essential Functions of the Position

The phrase "essential functions" of an employment position means the basic, fundamental duties of the job the person with a disability holds or desires. Essential functions do not include the marginal functions of the position. A job function may be considered essential for any of several reasons, including but not limited to the following:

1. the position exists in order to perform that function;

2. the performance of that job function can only be distributed among a limited number of available employees; and/or

3. the function may be so highly specialized that a person is hired for [his/her] expertise or ability to perform that particular function.

In determining whether a particular function is essential, you may consider:

1. the employer's judgment as to which functions are essential;

2. written job descriptions prepared before advertising or interviewing applicants for the job;

3. the amount of time spent on the job performing the function;

4. the consequences of not requiring the employee to perform the function;

5. the work experience of past incumbents in the job;

6. the current work experience of persons with similar jobs; and/or

7. the terms of a collective bargaining agreement.

*Barber v. Nabors Drilling U.S.A., Inc.,* 130 F.3d 702, 708 (5th Cir. 1997); 29 C.F.R. §1630.2(n). Reasonable Accommodation

If you find the plaintiff qualified for the position but able to perform the job only with

some form of accommodation, then you must determine whether the defendant had a duty to provide reasonable accommodation in May of 2000.

To establish the defendant's duty to provide reasonable accommodation, the plaintiff must prove, by a preponderance of the evidence, both of the following elements:

1. The plaintiff informed the defendant or the defendant possessed an independent awareness of the need for an accommodation due to a disability, and

2. The defendant could have made reasonable accommodation that would have enabled the plaintiff to perform the essential functions of the job.

Under the Rehabilitation Act, reasonable accommodation by the defendant may include, but is not limited to:

1. Job restructuring;

2. Part-time or modified work schedule;

3. Assignment to a vacant position.

Reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee.

Interactive Process

The employer must have knowledge that reasonable accommodation is required.

Therefore, it is generally the responsibility of the plaintiff to request the provision of reasonable accommodation unless the defendant possesses an independent awareness of the plaintiff's need for a reasonable accommodation.  Once the plaintiff has made such a request, the parties must engage in an interactive process in which the employer and the employee must work together in good faith to determine what precise accommodations are necessary.  An employer that fails to participate in good faith in the interactive process cannot later complain that it did not know of reasonable accommodation that the interactive process could have revealed.  An employer cannot require an employee to be 100% healed or to have all restrictions removed before the employer attempts to find reasonable accommodation for the employee.

<u>Undue hardship</u>

An employer is not required to make a reasonable accommodation if it would impose an undue hardship on the operation of the business.  Undue hardship means significant difficulty or expense incurred by the defendant when considered in light of (1) the nature and net cost of the accommodation needed; (2) the overall financial resources of the defendant and the number of persons employed by the defendant; and (3) the type of the defendant's business, including the composition, structure, and functions of the defendant's workforce.

SOCIAL SECURITY DISABILITY BENEFITS

INSTRUCTION NO. 5

You have heard the evidence that the plaintiff was receiving social security disability insurance benefits and that on her application for those benefits she stated she was totally disabled and unable to work.  The plaintiff is not automatically barred from recovery on her disability discrimination claim because of this evidence.  Nevertheless, this evidence may be considered by you as relevant as to whether she is a qualified individual with a disability as required by the Rehabilitation Act.

VERDICT - DISABILITY DISCRIMINATION

INSTRUCTION NO. 6

Your verdict must be for the plaintiff and against the defendant if all of the following elements have been proved by the preponderance of the evidence:

*First*, the plaintiff had lost the use of the third through fifth fingers on her right hand, which permanently remain in a clasped position on the palm of her hand and

*Second*, such loss of the use of the third through fifth fingers on her right hand, which permanently remain in a clasped position on the palm of her

13

hand, substantially limited plaintiff's ability to work and to perform manual tasks; and

*Third*, the defendant terminated the plaintiff's employment; and

*Fourth*, the plaintiff could have performed the essential functions of the position of medical clerk at the time defendant terminated the plaintiff's employment, if the defendant had continued the accommodations it had been providing her,

*Fifth,* continuing the accommodations that it had been providing the plaintiff would have been reasonable, and

*Sixth*, the defendant knew of the plaintiff's physical impairment and the plaintiff's impairment played a part in the defendant's decision to terminate the plaintiff's employment or the defendant discontinued the accommodations it had been providing the plaintiff and failed to provide any other reasonable accommodation.

If any of the above elements has not been proved by the preponderance of the evidence or if the defendant is entitled to a verdict because continuing the accommodations it had been providing the plaintiff would cause an undue hardship on the operation of the defendant's business then your verdict must be for the defendant.

You may find that plaintiff's physical impairment was a motivating factor in the defendant's decision to terminate the plaintiff's employment if it has been proved by the preponderance of the evidence that the defendant's stated reasons for its decision are a pretext to hide its discrimination.

RETALIATION

INSTRUCTION NO. 7

The plaintiff's second claim is that the V.A. retaliated against her for filing complaints with the defendant accusing it of discriminating against her on account of her disability when it had previously refused to promote her to the position of lead medical clerk.  It is unlawful for a person or entity to discriminate against any individual because that individual has opposed any act or practice that he or she reasonably believes to be unlawful under the Rehabilitation Act or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Rehabilitation Act.  Disability is not an element of a retaliation action under the Rehabilitation Act.

To succeed on her claim of unlawful retaliation, the plaintiff must prove the following essential elements by a preponderance of the evidence:

1.    the plaintiff complained to the defendant that she was discriminated against on the basis of her disability;

2.    the defendant terminated the plaintiff's employment after

15

she complained that she was discriminated against on the basis of her disability; and

3.    the plaintiff's complaint of disability discrimination was a motivating factor in the defendant's decision to terminate the plaintiff's employment  It is not necessary for the plaintiff to prove that the plaintiff's protected activity was the sole or exclusive reason for the defendant's decision.

If you find that the plaintiff has proved each of the elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

You may find that the plaintiff's complaints about being the subject of retaliation were motivating factors in the defendant's decision to terminate her employment if the plaintiff has proved, by the preponderance of the evidence, that the defendant's stated reasons for its decision to terminate her employment were a pretext to hide its discrimination.

<u>COMPENSATORY DAMAGES</u>

INSTRUCTION NO. <u>8</u>

If you find in favor of the plaintiff on one or more of her claims, then you must award the plaintiff such sum as you find by a preponderance of the evidence will fairly and justly compensate the plaintiff for any damages you find the plaintiff sustained as a direct result of the defendant's wrongful conduct identified in the claim or claims upon which she has prevailed. The plaintiff's claim for compensatory damages includes three distinct types of damages and you

must consider them separately:

<u>Back Pay</u>

First, you must determine the amount of any wages and fringe benefits plaintiff would have earned in her employment with defendant from May 19, 2000 through the date of your verdict, *minus* the amount of earnings and benefits that the plaintiff received from other employment during that time.  We refer to this as "back pay."

<u>Front Pay</u>

Second, you shall also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that the plaintiff would have earned had she not been terminated from her position for that period from the date of your verdict until the date when the plaintiff would have voluntarily resigned or obtained other employment.  We refer to this as "front pay".

<u>Emotional Distress Damages</u>

Third, you must determine the amount of any emotional distress damages sustained in the past as a result of the plaintiff's termination.  Emotional distress may include, but is not limited to, mental anguish, nervousness, worry, anxiety, irritability, disappointment, depression, confusion, disorientation, apprehension, embarrassment, a feeling of uselessness or loss of enjoyment of life.

The amount you assess, if any, for some items of damages cannot be measured by any exact or mathematical standard.  You must use your sound judgment based upon an impartial consideration of the evidence.  Your judgment must not be exercised arbitrarily or out of

sympathy or prejudice, for or against the parties.

In arriving at an item of damage, you cannot arrive at a figure by taking down the estimate of each juror as to an item of damage and agreeing in advance that the average of those estimates shall be your item of damage.

A party cannot recover duplicate damages. Do not allow amounts awarded under one item of damage to be included in any amount awarded under another item of damage. The amounts, if any, you find for each of the above items will be used to answer the special verdicts.

<u>PUNITIVE DAMAGES</u>

INSTRUCTION NO. <u>9</u>

You may, but are not required to, award punitive damages on Joanne Erasure's claims if you find that (1) the V.A. acted with malice or reckless disregard for, and did not make a good faith effort to comply with, the law, and (2) it is appropriate to punish the V.A. or to deter the V.A. and others from similar conduct in the future. A defendant acted with "malice or reckless disregard for the law" if the plaintiff has proved by a preponderance of the evidence that the defendant knew that its conduct was in violation of the law prohibiting disability discrimination, or acted with reckless disregard for that law.

In determining the amount of punitive damages, if any, to award on her claim, you should consider how offensive the defendant's conduct was; what amount is needed, considering the defendant's financial condition, to punish the defendant for its wrongful conduct toward the plaintiff and to prevent a repetition of that wrongful conduct in the future; whether the amount of punitive damages bears a reasonable relationship to the actual damages awarded on that

particular claim; and what sum would be sufficient to deter other similar employers from similar wrongful conduct in the future.

DELIBERATIONS

INSTRUCTION NO. <u>10</u>

Upon retiring you shall select a foreperson. It will be his or her duty to see discussion is carried on in an orderly fashion, the issues are fully and freely discussed, and each juror is given an opportunity to express his or her views. Your attitude at the beginning of your deliberations is important. It is not a good idea for you to take a position before thoroughly discussing the case with the other jurors. Remember you are not partisans or advocates, but are judges -- judges of the facts. Your sole interest is to find the truth and do justice.

I am giving you the following verdict form. If you all agree to the verdict, it will be signed by each juror. When you have agreed upon your verdict and have signed it, inform the Court Attendant.

_____

DATE

_____Judge

VERDICT FORM


**QUESTION 1:**

We, the Jury, find in favor of:

(Check One)

_____ Joanne Frasure

_____ Department of Veterans Affairs

on Joanne Frasure's claim of disability discrimination.

(If you find in favor of Joanne Erasure on her disability discrimination claim, answer Questions 2

and 3.  If you find in favor of the V.A., proceed to answer Question 4.)


**QUESTION 2:**

We award compensatory damages as follows:

$_____ Back Pay

$_____ Front Pay

$_____ Emotional Distress

$_____ TOTAL

**QUESTION 3:**

We award punitive damages in the following amount.  Record "0" if you do not award punitive damages.

$_____


**QUESTION 4:**

We, the Jury, find in favor of:

(Check One)

_____ Joanne Frasure

_____ Department of Veterans Affairs

on Joanne Frasure's claim of unlawful retaliation.

(If you find in favor of Joanne Erasure on her unlawful retaliation claim, answer Questions 5 and 6.  If you find in favor of the V.A., proceed to sign the verdict form.)

**QUESTION 5:**

We award compensatory damages as follows:

$_____ Back Pay

$_____ Front Pay

$_____ Emotional Distress

$_____ TOTAL

**QUESTION 6:**

We award punitive damages in the following amount.  Record "0" if you do not award punitive damages.

$_____

_____
        FOREPERSON


_____          _____
        JUROR

                                                                    JUROR


_____          _____
        JUROR

                                                                    JUROR


_____          _____
        JUROR

                                                                    JUROR

_____    _____
       JUROR                                       JUROR


_____
       JUROR

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the Plaintiff's Proposed Jury Instructions and Verdict Form has been mailed, postage prepaid, via first-class mail, this 12th day of August, 2005, to:

Carolyn A. Ikari
ASSISTANT U.S. ATTORNEY
450 Main Street, Room 328
Hartford, Connecticut  06103


_____

Thomas W. Bucci

Fed. Bar No. ct07805
Willinger, Willinger & Bucci, P.C.
855 Main Street, 5th Floor
Bridgeport, CT  06604
Tel: 203-366-3939