UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOANNE E. FRASURE,                      :

                 Plaintiff,    :    CIVIL NO. 3:00CV2407(WIG)

    v.                                  :

R. JAMES NICHOLSON,                     :
SECRETARY OF VETERANS AFFAIRS,

              Defendant.    :    AUGUST 12, 2005

## **DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORM**

      Pursuant to Rule 51 of the Federal Rules of Civil Procedure, and the order of this Court, Defendant respectfully submits proposed instructions to the jury and a proposed special verdict form.  The defendant reserves the right to amend these instructions or to offer supplemental instructions as might be warranted by the events at trial.

**PROPOSED INSTRUCTION NO. 1**

**<u>Nature of Plaintiff's Claims</u>**

Federal laws prohibit a federal employer from discriminating against an employee because of her disability or because she has previously filed complaints of discrimination.[1]   The Plaintiff in this case, Joanne Frasure, was an employee of the VA Connecticut Healthcare System, which is part of the U.S. Department of Veterans Affairs.  She claims that her former employer, the defendant, Secretary of Veterans Affairs R. James Nicholson, is liable under these laws for the decision made by representatives of the VA Connecticut Healthcare System to terminate her employment.

The Department of Veterans Affairs, or "VA" and its employees deny all these allegations.[2]

It is your responsibility to decide whether the plaintiff has proven her claims of discrimination and retaliation by the preponderance of the evidence.

---

[1]   Adapted from 42 U.S.C. § 794; Devitt, Blackmar & Wolff, *Federal Jury Practice & Instructions* § 104A.01 (4th ed. Supp. 1995).

[2]   Adapted from Devitt, Blackmar & Wolff, *Federal Jury Practice & Instructions* § 104A.01 (4th ed. Supp. 1995).

2

**PROPOSED INSTRUCTION NO. 2**

**<u>Proper Party</u>**


The VA Connecticut Healthcare System is a component of the U.S. Department of Veterans Affairs.  The defendant Secretary of the Veterans Affairs is the proper party under the law to be sued in a case of alleged employment discrimination by the VA.  That is why the Secretary has been named as the defendant in this case.  Secretary R. James Nicholson himself is not personally involved in this case.

The acts of Plaintiff's supervisors and the management officials at the VA are treated as the acts of the Secretary of Veterans Affairs for purposes of this case.

**PROPOSED INSTRUCTION NO. 3**


**<u>Rehabilitation Act; Discrimination</u>**


Plaintiff brings her lawsuit under the Rehabilitation Act. This law requires that all personnel actions affecting federal employees, like the plaintiff, shall be made free from any discrimination based on disability.[3]

---

[3]29 U.S.C. §794a.

## PROPOSED INSTRUCTION NO.  4

### Disability Discrimination - Essential Elements

Plaintiff claims that the decision to remove her from federal employment was illegal discrimination.  In deciding whether or not the defendant intentionally discriminated against the plaintiff because of an illegal reason, you should first consider whether the plaintiff has established the following essential elements:

First, that the plaintiff had a disability as defined under the law;

Second, that the plaintiff was satisfactorily performing the duties of her job, that is, she satisfied the honestly-held expectations of the VA;[4] and

Third, that there was a causal connection between the Plaintiff's disability, as defined under the law, and the termination of her employment.

If the plaintiff has failed to establish one or more of

---

[4]Thornley v. Penton Publishing, Inc., 104 F.3d 26, 30 (2d Cir. 1997)(reversible error to omit this instruction and allow jury to substitute its judgment for defendant's business judgment).

5

these facts, you must find for the defendant.[5]

---

[5]Adapted from Devitt, Blackmar, and Wolff §104.04 (4th ed. 1987); <u>Reeves v. Sanderson Plumbing Prod., Inc.</u>, 120 S.Ct. 2097 at *5 (Jun. 12, 2000); <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 113 S. Ct. 2742, 2751-2753 (1993).

**PROPOSED INSTRUCTION NO. 5**

**Definition of a "Disability"**

A "disability" is a mental or physical impairment that
substantially limits a person from engaging in one of the major
activities of life, such as caring for oneself, walking, seeing,
hearing, learning, and working.[6]

---

[6] Adapted from 5 Sand, <u>Modern Federal Jury Instructions</u> ¶
88A.02 at 88A-5, 88A-7; <u>Albertsons, Inc. v. Kirkingburg</u>, 527 U.S.
555 (1999); <u>Sutton v. United Air Lines, Inc.</u>, 527 U.S. 471
(1999).

**PROPOSED INSTRUCTION NO.  6**

**<u>Disability Discrimination - Ultimate Question</u>**


        If you decide that the plaintiff has established these
essential facts, the defendant may produce evidence of a
legitimate, non-discriminatory reason for the termination.
If the defendant offers evidence of a legitimate, non-
discriminatory reason for its decision, you must find for the
defendant unless the plaintiff has proved that the reason offered
by the defendant was false and pretextual, that is, it disguised
an underlying intent to discriminate on an illegal basis.  In
order to find for the plaintiff, she must prove that the
defendant intentionally discriminated.  It is not enough to
believe that the non-discriminatory reason offered by the
defendant is not the true reason; you must be persuaded that the
actual reason for the action was discrimination because of the
plaintiff's disability.  Ultimately, the plaintiff bears the
burden of persuading you, by a preponderance of the evidence,
that the decision was made because of the plaintiff's
disability.[7]

_____

        [7]Adapted from Devitt, Blackmar, and Wolff §104.04 (4th ed.
1987); <u>Reeves v. Sanderson Plumbing Prod., Inc.</u>, 120 S. Ct.
2097, 2108 (2000); <u>James v.  New York Racing Assoc.</u>, 2000 WL
                                              (continued...)

**DEFENDANT'S PROPOSED INSTRUCTION NO. 7**

**Retaliation**

The Plaintiff also alleges that the defendant retaliated against her for complaining about unlawful employment practices. Under federal law, it is unlawful for an employer to discriminate against any of its employees because an employee has engaged in protected opposition to discrimination.[8]  That law provides that personnel actions affecting federal employment shall not be made in retaliation for making complaints of discrimination or engaging in other protected activity.[9]

------

[7](...continued)
1752908 at *6 (2d Cir.  2000)(quoting and following the "disbelieve"/"believe" passage from Reeves).  See also Greenway v. The Buffalo Hilton Hotel, 143 F.3d 47 (2d Cir. 1998) at *2923 (burden-shifting is a "confusing" and "entirely unnecessary" "ping-pong like" exercise to be excluded from jury instruction).

[8]Adapted from 5 L. Sand et al., Modern Federal Jury Instructions at 88-237 (1999).

[9]Adapted from 42 U.S.C. § 2000e-16.

**DEFENDANT'S PROPOSED INSTRUCTION NO.  8**

**<u>Retaliation – Essential Elements</u>**


Plaintiff claims that her termination was illegal retaliation by the Department of Veterans Affairs.  In order for the plaintiff to establish her claim of retaliation by the defendant, he has the burden of proving the following essential elements by a preponderance of the evidence:

**One,** that she engaged in protected opposition to discrimination;[10]

**Two,** that the defendant was aware of plaintiff's protected opposition;

**Three,** that the defendant took adverse employment action against the Plaintiff; and

**Four,** that there was a causal connection between the Plaintiff's protected activity and the adverse action, in other words, that a retaliatory motive played a part in the adverse employment action.[11]

---

[10]Adapted from 5 L. Sand <u>et</u> <u>al.</u>, <u>Modern Federal Jury Instructions</u> at 88-237 (1999).

[11] <u>Reed v. A.W. Lawernce & Co.</u>, 95 F.3d 1170, 1178 (2d Cir. 1996); <u>Van Zant v. KLM Royal Dutch Airlines</u>, 80 F.3d 708, 714 (2d Cir. 1996); <u>Sumner v. USPS</u>, 899 F.2d 203, 208-09 (2d Cir. 1990); <u>Grant v. Bethlehem Steel Corp</u>., 622 F.2d 43, 46 (2d Cir. 1980).

If the plaintiff fails by a preponderance of the evidence to prove any one of these elements, you must find in favor of the defendant.

**DEFENDANT'S PROPOSED INSTRUCTION NO.  9**

**<u>Retaliation – Definition of Protected Opposition</u>**


        As I said, one of the essential elements required in a
retaliation case is that the plaintiff engaged in protected
opposition to discrimination.  It is unlawful for an employer to
discriminate against an employee because that employee has
opposed an employment practice that is made illegal by the anti-
discrimination laws, or has made a charge, testified, assisted,
or participated in any manner in an investigation, proceeding or
hearing in a discrimination complaint.[12]  In this case, the
plaintiff had not yet initiated her equal opportunity complaint
at the time she was requested to provide medical documentation of
her restrictions, which led to her termination.  However, the
plaintiff claims that she was retaliated against for lodging a
grievance that she claims were protected.  In order to find that
the grievance was protected opposition, you must find that the
content of Plaintiff's grievance could reasonably have led the VA
to understand that she was complaining about illegal
discrimination based on disability.[13]

_____

        [12]Adapted from 42 U.S.C. § 2000e-3(a).

        [13]<u>Galdieri-Ambrosini v. National Realty & Development Corp.</u>,
                                        (continued...)

12

**DEFENDANT'S PROPOSED INSTRUCTION NO. 10**

**<u>Retaliation – Reasonable Good-Faith Belief</u>**

In order to constitute protected opposition, the plaintiff has to have reasonably believed that she was being discriminated against because of her race, national origin, or disability.  For the purposes of finding protected opposition, the plaintiff does not have to show that what she opposed was actually a violation of the law, since she only has to have a good-faith, reasonable belief that her employer was violating the anti-discrimination laws.  However, if you find that there was no basis for a rational belief that she was being discriminated against, you must find that Plaintiff failed to establish the essential element of protected opposition.[14]

---

[13](...continued)
136 F.3d 276, 292 (2d Cir. 1998); <u>see also</u> <u>Robbins v. Jefferson County School District R-1</u>, ___ F.3d ___, 80 Fair Empl. Prac. Cas. (BNA) 795, 1999 WL 586964 at *4 (10th Cir. 1999)(testifying in union arbitration having nothing to do with discrimination not protected).

[14]<u>Galdieri-Ambrosini v. National Realty & Development Corp.</u>, 136 F.3d 276, 292 (2d Cir. 1998).

13

**DEFENDANT'S PROPOSED INSTRUCTION NO.  11**

**<u>Retaliation – Reasonable Opposition</u>**


Opposition to discrimination is only protected if that right is exercised reasonably.  If you find that the manner in which the plaintiff complained was unreasonable, you must find that Plaintiff failed to establish the essential element of protected opposition.[15]

---

[15]<u>Robbins v. Jefferson County School District R-1</u>, ___ F.3d ___, 80 Fair Empl. Prac. Cas. (BNA) 795, 1999 WL 586964 at *4 (10th Cir. 1999); <u>Rollins v. State of Florida Dept. of Law Enforcement</u>, 868 F.2d 397, 401 (11th Cir. 1989).

14

**DEFENDANT'S PROPOSED INSTRUCTION NO.  12**

**Retaliation - Ultimate Question**

If plaintiff does make the required showing of each of the essential elements, the defendant may produce evidence that establishes the existence of a non-retaliatory explanation for its decision.  If the defendant offers evidence of a legitimate, non-retaliatory reason for its decision, you must find for the defendant unless the plaintiff proves that the reasons given by the defendant were false and pretextual, that is, they disguised an underlying intent to retaliate.[16]  In order to find for the plaintiff, she must prove that the defendant intentionally retaliated.  It is not enough to believe that the non-retaliatory reason offered by the defendant is not the true reason; you must be persuaded that the actual reason for the action was retaliation because of protected opposition.  Ultimately, the plaintiff bears the burden of persuading you, by a preponderance of the evidence, that the decision was made because of

---

[16]  Woroski v. Nashua Corp., 31 F.3d 105, 110 (2d Cir. 1994), citing, St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993); see also, Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996).

plaintiff's protected opposition.[17]

---

[17]Adapted from Devitt, Blackmar, and Wolff §104.04 (4th ed. 1987); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S. Ct. 2742, 2751-2753 (1993); Saulpaugh v. Monroe Community Hosp., 4 F.3d 134, 141 (2d Cir. 1993)(following Hicks), cert. denied, 510 U.S. 1164 (1994). See also Greenway v. The Buffalo Hilton Hotel, 143 F.3d 47 (2d Cir. 1998) at *2923 (burden-shifting is a "confusing" and "entirely unnecessary" "ping-pong like" exercise to be excluded from jury instruction).

**PROPOSED INSTRUCTION NO. 13**

**<u>The Burden of Proof and Production</u>**

The burden of proving discrimination and retaliation is at all times on the Plaintiff.[18]

The VA is not obliged to establish by a preponderance of the evidence that its actions were taken for proper, nondiscriminatory reasons.  The VA only has the burden of producing a non-discriminatory or non-retaliatory explanation for its decision.

---

[18]<u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 253.

PROPOSED INSTRUCTION NO. 14

**Legitimate Non-discriminatory and Non-retaliatory Reasons**

The anti-discrimination laws prohibit using disability or retaliation as a basis for terminating an employee. However, the law does not limit the other qualities and characteristics that employers may legally take into account in making employment decisions. An employee's unsatisfactory job performance, insubordinate conduct, difficult personality or caustic work attitude are proper non-discriminatory and non-retaliatory reasons that employers may take into account in taking personnel actions.[19]

Furthermore, employers are permitted to hold their disabled employees to the same performance standards as all other employees, even if the unsatisfactory performance is related to the disability. Employees with disabilities are not entitled to any special preference or privilege by virtue of disability.

---

[19]Price Waterhouse v. Hopkins, 490 U.S. 228, 239, 109 S.Ct. 1775, 1784 (1989); Williams v. Cerberonics, 871 F.2d 452 (4th Cir. 1989)(personality conflict); Padob v. Entex Information Serv., 960 F. Supp. 806, 813 (S.D.N.Y. 1997)(personality conflict); Croce v. VIP Real Estate, 950 F. Supp. 524, 544 (E.D.N.Y. 1997)(abrasive work habits and personality defects); Pagana-Fay v. Washington Suburban Sanitary Comm'n, 797 F. Supp. 462, 471-73 (D. Md. 1992)(refusal to accept criticism and repeated challenges to and failure to follow supervisors' direction), aff'd, 64 F.3d 658 (4th Cir. 1995).

### PROPOSED INSTRUCTION NO. 15

### Business Judgment[20]

You may not find for the plaintiff to reward her for past services to the defendant or because of some general feeling that she deserved better from the VA.  The question for you is not whether the employee in your view was treated well or fairly. The question is whether illegal discrimination occurred.

In considering the defendant's reasons for its decision, bear in mind that the defendant is entitled to exercise its management discretion and make its own business judgments.  Under the law that governs this case, the defendant had the right to make decisions concerning the Plaintiff for good reasons, bad reasons, reasons based on erroneous facts, or even for no reason at all, so long as its decisions were not based on unlawful discrimination or retaliation.[21]

---

[20]Kelley v. Airborne Freight Corp., 140 F.3d 335, 350 (1st Cir.)(business judgment instruction useful to satisfy requirement that jury be instructed they may not substitute their judgment for defendant's), cert. denied, 119 S. Ct. 341 (1998); Stemmons v. Missouri Dep't of Corrections, 82 F.3d 817, 819 (8th Cir. 1996)(error not to give business judgment instruction).

[21]Galdieri-Ambrosini v. National Realty & Development Corp., 136 F.3d 276, 284 (2d Cir. 1998); Valentine v. Standard & Poor's, 50 F. Supp. 2d 262, 290 (S.D.N.Y. 1999); Stronkowski v. St. Vincent's Medical Center, 23 A.D.D. 1225, 1996 WL 684407 at *8 (D. Conn. 1996)(employer's reliance on erroneous information does not establish discrimination).

You may not find for the plaintiff merely because you feel that the defendant made poor or unwise or unfair management decisions or that another supervisor would have made different decisions.  The defendant does not have to show that it conducted its business in an optimum manner.  In order to prevail, the plaintiff must demonstrate that intentional discrimination was a substantial and determinative cause for the personnel actions instituted against her.[22]

---

[22]   See Furnco Construction Corp. v. Waters, 438 U.S. 567, 577-78 (1978); Fisher v. Vassar College, 114 F.3d 1332, 1337 (2d Cir. 1997), cert. denied, 118 S. Ct. 851 (1998).

**PROPOSED INSTRUCTION NO. 16**

**<u>Anti-discrimination Laws -- Proof of Intent</u>**


The plaintiffs must show that the defendant intentionally discriminated against them.  Discrimination is intentional if it is done voluntarily, deliberately, and willfully, and not by accident, inadvertence or other innocent reason.

An opinion or subjective belief of discrimination on the part of the plaintiff or any other witness, no matter how genuine, cannot be the sole basis for a finding of discrimination.[23]

---

[23] <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502 (1993); <u>Betkerur v. Aultman Hosp. Ass'n</u>, 78 F.3d 1079, 1097 (6th Cir. 1996); <u>O'Shea v. The Detroit News</u>, 887 F. 2d 683 (6th Cir. 1989).

## PROPOSED INSTRUCTION NO. 17
### Disability Discrimination - Failure to Accommodate

Plaintiff also claims that the Defendant is liable for illegal disability discrimination because the Defendant failed to reasonably accommodate her disability.

Your verdict must be for plaintiff and against defendant if all of the following elements have been proved by the preponderance of the evidence:

First, plaintiff had a physical impairment; and

Second, such physical impairment substantially limited plaintiff's ability to engage in a major life activity like caring for oneself, walking, seeing, hearing, learning, or working[24]; and

Third, defendant knew of plaintiff's physical impairment; and

Fourth, plaintiff could have performed the essential functions of the Medical Clerk position at the time defendant terminated her employment if plaintiff had been provided with the accommodation identified by plaintiff; and

---

[24]  Adapted from 5 Sand, Modern Federal Jury Instructions ¶ 88A.02 at 88A-5, 88A-7; Albertsons, Inc. v. Kirkingburg, 527 U.S. 555 (1999); Sutton v. United Air Lines, Inc., 527 U.S. 471 (1999).

22

Fifth, providing that accommodation identified by plaintiff
would have been reasonable; and

Sixth, defendant failed to provide the accommodation and
failed to provide any other reasonable accommodation.

If any of the above elements has not been proved by the
preponderance of the evidence then your verdict must be for
defendant.[25]

---

[25] Adapted from 3C O'Malley, <u>Federal Jury Practice And
Instructions Civil</u>, § 172.12 (5th ed.).

PROPOSED INSTRUCTION NO.  18

**Disability Discrimination - Reasonable Accommodation Defined**

An "accommodation" means making modifications to the work place which allows a person with a disability to perform the essential functions of the job.  It may include making existing facilities used by employees readily accessible to and usable by individuals with disabilities; job restructuring; reassignment to a vacant position; acquisition or modifications of equipment or devices; the provision of qualified readers or interpreters; and other similar accommodations for individuals with disabilities.[26]

A reasonable accommodation is one that could reasonably be made under the circumstances.[27]

An employer is not obligated under the law to reallocate or redistribute essential functions of a job; in other words, an accommodation that removes an essential function of the job is not considered reasonable.[28]

---

[26] Adapted from 3C O'Malley, Federal Jury Practice And Instructions Civil, § 172.12 (5th ed.).

[27] Adapted from 3C O'Malley, Federal Jury Practice And Instructions Civil, § 172.12 (5th ed.).

[28] 29 C.F.R. Pt 1630, App. 1630.2(o); Rochford v. Town of
(continued...)

24

An employer is not obligated under the law to create a new position for an employee with a disability.[29]

An employer is not obligated to provide an accommodation when it is inconsistent with the contractual rights of other workers under a collective bargaining agreement (union contract).[30]

An employer is not obligated to provide an employee the accommodation she requests or prefers, an employer can choose the accommodation, so long as it is a reasonable one.[31]

An employee is required to engage in a good-faith exchange with her employer about reasonable accommodation.[32]  It is the Plaintiff's responsibility to show that an accommodation was

---

[28](...continued)
Cheshire, 979 F. Supp. 116, 121 (D. Conn. 1997).


[29] Felix v. New York City Transit Authority, 154 F.Supp.2d 640, 655 (S.D.N.Y. 2001).

[30] Benson v. Northwest Airlines, Inc., 62 F.3d 1108 (8th Cir. 1995); Doe v. Town of Seymour, Civ. No. 95CV1538(AHN), 1998 WL 26410 at *3 (D.Conn. 1998).

[31] Felix v. New York City Transit Authority, 154 F.Supp.2d 640, 655 (S.D.N.Y. 2001); 29 C.F.R. Part 1630, App. § 1630.9 (employer has "ultimate discretion" in this regard).

[32] 29 C.F.R. Part 1630, App. § 1630.9.

available and was reasonable.[33]  An employer is not liable for failure to provide reasonable accommodation when an employee fails or refuses to participate in this good-faith exchange.[34]

If Plaintiff shows that an accommodation was available and was reasonable, the Defendant is nevertheless not liable under the law requiring reasonable accommodation if the Defendant has shown by a preponderance of the evidence that the accommodation would impose an undue hardship on the operation of the Defendant's business or activity.[35]  An "undue hardship" means significant difficulty or expense in, or resulting from, the provision of the accommodation, that is, an accommodation that would be unduly costly, extensive, substantial, or disruptive, or that would fundamentally alter the operation of the business.[36]

---

[33]Jackan v. New York State Dept. of Labor, 205 F.3d 562 (2d Cir. 2000), cert. denied, 531 U.S. 931 (2000).

[34] Young v. Central Square Cent. School Dist., 213 F. Supp. 2d 202, 214 (N.D.N.Y. 2002); Steffes v. Stepan Co., 144 F.3d 1070, 1073 (7th Cir. 1998).

[35] See 42 U.S.C. § 12112(b)(5)(A).

[36] 29 C.F.R. Part 1630, App. § 1630.2(p).

**PROPOSED INSTRUCTION NO. 19**

**<u>Cautionary Instruction on Damages</u>**

I am now about to give you certain instructions regarding damages. You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.[37]

---

[37] Adapted from *Fifth Circuit Pattern Jury Instructions, Civil* § 2.22 (1996).

**PROPOSED INSTRUCTION NO. 20**

**<u>Burden of Proof - Damages</u>**

The burden of proving damages rests with the plaintiff.

**PROPOSED INSTRUCTION NO. 21**

**<u>Compensatory Damages</u>**

If you find that the defendant discriminated against the plaintiff, then you must determine an amount that is fair compensation for the plaintiff's damages.  You may award compensatory damages only for injuries that the plaintiff proves were caused by the defendant's allegedly wrongful conduct.

Compensatory damages are damages for future financial losses, emotional pain, suffering, inconvenience, and mental anguish.[38]  You may only award compensatory damages if you find these were caused by defendant's allegedly illegal act.

In calculating damages, you should not consider any lost earnings, sometimes called "backpay," that the Plaintiff lost. The award of backpay, should you find the defendant liable, will be calculated and awarded by the Court.[39]

---

[38]42 U.S.C. §1981a(b)(3).

[39]Section 102(b)(2) of the Civil Rights Act of 1991 excludes from compensatory damages "backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964."   42 U.S.C. §1981a(b)(2).  Section 102(c)(2) of the Civil Rights Act of 1991 prohibits the court from informing the jury of the limitations on damages described in Section 102(b)(3).

**PROPOSED INSTRUCTION NO. 22**


**<u>Damages - Causation</u>**


You are not to award damages for any injury or condition from which the plaintiff may have suffered unless plaintiff has established by a preponderance of the evidence that the injury or condition was proximately caused by the allegedly unlawful acts of the defendant.  An injury or damage is proximately caused by conduct whenever it appears from the evidence in the case that the conduct played a substantial part in bringing about or actually causing the injury or damage, and that injury or damage was either a direct result or a reasonably probable consequence of the conduct.  Thus, an injury or harm to the plaintiff which is not the result of unlawful conduct by the defendant does not entitle the plaintiff to damages.  Similarly, the plaintiff is not entitled to damages for conduct by the defendant that does not cause harm or injury.[40]

---

[40]Adapted from Devitt, Blackmar, and Wolff §§85.15, 80.18, 104.06.

**PROPOSED INSTRUCTION NO. 23**

**Speculation and Guesswork Prohibited**

You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future as a result of the alleged discrimination. You may not award damages based simply on speculation or guesswork. Any award must fairly compensate plaintiff for her injury but must have a basis in the evidence and be reasonable in light of that evidence. However, no evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence present at trial.[41]

----

[41]Adapted from Devitt, Blackmar, and Wolff §104.06(4th ed. 1987) and §104.06(4th ed. Supp 1993).

**PROPOSED INSTRUCTION NO. 24**

**Mitigation of Damages**

Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to mitigate, or minimize, those damages.  The law imposes on an injured person the duty to take advantage of reasonable opportunities she may have to prevent the aggravation of her injuries, so as to reduce to minimize the loss or damage.

If you find the defendant is liable and that the plaintiff has suffered damages, the plaintiff may not recover for any item of damage she could have avoided through reasonable effort.  If the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny recovery for those damages which she would have avoided had she taken advantage of the opportunity.

Bear in mind that the question whether the plaintiff acted reasonably with respect to the mitigation of damages is one for you to decide, as sole judges of the facts.  Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or

incur unreasonable expense in an effort to mitigate, and it is defendant's burden of proving that the damages reasonably could have been avoided.  In deciding whether to reduce plaintiff's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied her burden of proving that the plaintiff's conduct was not reasonable.[42]

---

[42]    From 4 L. Sand, et al., Modern Federal Jury Instructions ¶77.01 (1998); see Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 53 (2d Cir. 1998)(victims of employment discrimination are required to mitigate their damages).

## PROPOSED INSTRUCTION NO. 25

### **Attorney Fees**

If you return an award of damages for the plaintiff, you are not to include attorney's fees as part of this award.  It is the Court's duty to determine whether attorney's fees should be awarded and the amount of fees to so award.[43]

---

[43]   Northcross v. Bd. Of Ed. Of Memphis Dist. Schools, 611 F.2d 624 (6th Cir. 1979), cert. denied, 447 U.S. 911 (1980).

34

**PROPOSED INSTRUCTION NO. 26**

**<u>No Punitive Damages</u>**


You may not award any punitive damages in this case.  Thus, you may not base any monetary award on a desire to punish the defendant, to "send a message," to prevent unlawful discrimination or retaliation from being happening in the future, or to warn other employers not to engage in unlawful discrimination or retaliation.  Rather, any monetary award that you make must be calculated solely to provide fair compensation to the plaintiff for her actual injuries caused by unlawful discrimination or retaliation, and on no other basis.[44]

---

[44] 42 U.S.C. §1981a(b)(1).

PROPOSED INSTRUCTION NO. 27


**Nominal Damages**


If you find, after considering all the evidence presented, that the defendant violated the plaintiff's rights, but that the plaintiff suffered no injury as a result of this violation, you may award the plaintiff "nominal damages." "Nominal damages" are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that the plaintiff suffered was the deprivation of her rights under the Rehabilitation Act without any resulting emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life or other non-financial losses. You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to the plaintiff: either she was measurably injured, in which case you must award compensatory damages, or else she was not, in which case you may award nominal damages.

Nominal damages may not be awarded for more than a token

sum, usually one dollar.[45]

---

[45]    Adapted from 4 L. Sand, et al., <u>Modern Federal Jury Instructions</u> ¶77.01 (1997).

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JOANNE E. FRASURE,                    :

                Plaintiff,    :    CIVIL NO. 3:00CV2407(WIG)

    v.                                :

R. JAMES NICHOLSON,                   :
SECRETARY OF VETERANS AFFAIRS,

                Defendant.

## **PROPOSED SPECIAL VERDICT FORM**

THE JURY MUST UNANIMOUSLY AGREE ON THE ANSWERS TO ALL OF THE QUESTIONS.  THE COMPLETED SPECIAL VERDICT FORM MUST BE SIGNED AND DATED BY THE FOREPERSON.

**QUESTION NO. 1:**

Did the plaintiff, Joanne Frasure, prove by a preponderance of the evidence that the Department of Veterans Affairs intentionally discriminated against her on the basis of disability or prior protected activity when it terminated her employment?

*INDICATE ALL APPLICABLE:*

____  Yes, disability discrimination

____  Yes, disability discrimination due to failure to reasonably accommodate

____  Yes, retaliation for protected opposition

____  No,  none of the above

1

*If the answer to Question No. 1 is "No," skip to the signature page of this form.  Otherwise, proceed to the next question.*

**QUESTION NO. 2:**

Did the plaintiff prove by a preponderance of the evidence that she suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life or other non-financial losses due to intentional discrimination or retaliation or both by Department of Veteran Affairs personnel?

*CIRCLE ONE*:          YES               NO

*If your answer to Question No. 2 is "NO," skip the next question.*

*If your answer to Question No. 2 is "YES," fill in one or the other, not both, of the following blanks:*

How much compensation is the plaintiff entitled to receive for those losses?

     Nominal damages          $_____

        OR

     Compensatory damages     $_____

     Signature:_____
                FOREPERSON OF THE JURY

     Dated at Bridgeport, Connecticut,

     on this the ___ day of _____ *(month)*, 2005.

3

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


CAROLYN A. IKARI
ASSISTANT UNITED STATES ATTORNEY
450 Main Street, Room 328
Hartford, Connecticut  06103
(860) 947-1101
Federal Bar No. ct13437


## CERTIFICATION OF SERVICE

I hereby certify that a copy of the within and foregoing Defendant's Proposed Jury Instructions and Special Verdict Form has been mailed, postage prepaid, via first-class mail, this 11th day of August, 2005, to:

Thomas W. Bucci
Willinger, Willinger & Bucci
855 Main Street, 5th Floor
Bridgeport, Connecticut  06604


_____
CAROLYN A. IKARI
ASSISTANT U.S. ATTORNEY