**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOANNE E. FRASURE, | : | Civil No. 3:00cv2407 (WIG) |
| Plaintiff, | : | |
| v. | : | |
| ANTHONY J. PRINCIPI, SECRETARY OF VETERANS AFFAIRS, | : | |
| Defendant. | : | APRIL 3, 2006 |

**PLAINTIFF'S MOTION IN LIMINE RE: EVIDENTIARY DOCUMENTS**

The plaintiff moves that the Court preclude the introduction into evidence of the following documents identified by the defendant as exhibits in the trial of this matter:

1. Exhibit RF-3. Undated and unsigned three page letter attached to routing slip above, addressed to Ms. Joanne E. Frasure, subject: removal. Routed on 05/4/00 and initialed by V. Christensen, 05B, 05, 001 (M. Veazey) and 00.

   Reason for Objection: As described this is an "undated" and "unsigned" letter. In addition, it was never delivered to the plaintiff. It is irrelevant and immaterial to the issues involved in the present case; the wrongful termination of the plaintiff. Further, it constitutes hearsay in that it attempts to place in evidence the out of court statements of the author of the letter. Additionally, the document is blatantly self-serving. The statement, "[t]he sustained charges

against you are: **<u>inability to perform the essential duties of your position; failure to comply with a proper order from a management official; disrespectful conduct</u>** (all charges)**<u>; attempting to inflict bodily injury to another; negligence of duties;</u>** and **<u>use of obscene language to a caller"</u>**, in particular constitutes inadmissible hearsay; is clearly self-serving and is highly prejudicial.

2. Exhibit RF-5. One page, undated and unsigned printout entitled "Analysis of Response to Proposed Removal" that contains the analyses of Rich Daniels and Virginia Christensen.

   <u>Reason for Objection</u>: The analysis and opinions of Rich Daniels and Virginia Christiansen regarding the termination of the plaintiff are not material or relevant to the issue of whether the plaintiff was a victim of disability discrimination. Further, these statements constitute inadmissible hearsay and are patently self-serving.

3. Exhibit RF-6. Undated three page letter signed by Linda M. Titus, R.N., highlighted and with hand-written corrections, addressed to Joanne E. Frasure, "Subject: Proposed Removal (30 Day Notice)" routed on 03/08/00 and initialed by V. Christensen, 05B, 05, 118 (L. Titus). Stamped "Human Resources Copy."

   <u>Reason for Objection</u>: This is clearly a draft letter, which was never sent to the plaintiff. The letter and the hand-written corrections are not material or relevant to the issues to be tried in the present case. The contents of the letter constitute inadmissible hearsay in that it attempts

to place in evidence the out of court statements of the author of the letter. Additionally, the document is blatantly self-serving. "A statement otherwise objectionable as hearsay does not become competent because it is in the form of a letter. A letter is hearsay as to its contents and is not admissible unless it falls within one of the exceptions to the hearsay rule, or unless the letter is not offered to establish the truth of the matters contained in it. CJS EVIDENCE § 273 (Footnotes omitted).

4. Exhibit RF-7. Undated and unsigned three page letter on Department of Veterans Affairs letterhead, "Subject: Proposed Removal (30 Day Notice)," signature line for Linda M. Titus, R.N. and addressed to Joanne E. Frasure, highlighted and with hand-written corrections. Two pages entitled "Office of Regional Counsel Memorandum" dated March 15, 2000, from Attorney, Office of Regional Counsel (02A). Subject: Proposed Removal - Joanne Frasure. To: Chief, Human Resources Management Service (05). Highlighted, with hand-written corrections. Signed by Kimberly Jacobs. [Document redacted in its entirety on the ground of attorney-client privilege.]

   <u>Reason for Objection</u>: This is clearly a draft letter, which was never sent to the plaintiff. The letter and the hand-written corrections are not material or relevant to the issues to be tried in the present case. The contents of the letter constitute inadmissible hearsay in that it attempts to place in evidence the out of court statements of the author of the letter. Additionally, the

document is blatantly self-serving. "A statement otherwise objectionable as hearsay does not become competent because it is in the form of a letter. A letter is hearsay as to its contents and is not admissible unless it falls within one of the exceptions to the hearsay rule, or unless the letter is not offered to establish the truth of the matters contained in it. CJS EVIDENCE § 273 (Footnotes omitted); see *Hawthorne Partners v. AT&T Technologies, Inc.* 1994 WL 63054, 5 (N.D.Ill.,1994)("The preliminary report is hearsay because it is a collection of out-of-court statements that Hawthorne Partners would offer to prove the truth of the matters asserted in those statements."); and see *Figures v. Board of Public Utilities of City of Kansas City, Kan.*, 967 F.2d 357, 360 (10th Cir.1992).

5. Exhibit RF-8. Two page letter dated December 21, 1999, from Thomas W. Bucci, Esq. to Ms. Nancy K. Cabanas, re: Joanne E. Frasure v. Dept. of Veterans Affairs. Yellow post-it note attached to first page with handwritten comments dated January 21, 2000.

   Reason for Objection: The yellow post-it is clearly hearsay. The statements are self-serving, immaterial and irrelevant.

6. Exhibit RF-9. Three page letter, first page entitled "Proposed Removal: Joanne Frasure, page 3 of 3" with blank signature line for Linda M. Titus, routed 1/21/00 and initialed by V. Christensen, 05B, 05, 02 (Kim Jacobs). Not initialed by 118 (Linda Titus). Remaining two pages are page 1 and 2 of the letter addressed to Ms. Joanne E. Frasure.

Reason for Objection: This is clearly a draft letter, which was never sent to the plaintiff. The letter is not material or relevant to the issues to be tried in the present case. The contents of the letter constitute inadmissible hearsay in that it attempts to place in evidence the out of court statements of the author of the letter. "A statement otherwise objectionable as hearsay does not become competent because it is in the form of a letter. A letter is hearsay as to its contents and is not admissible unless it falls within one of the exceptions to the hearsay rule, or unless the letter is not offered to establish the truth of the matters contained in it. CJS EVIDENCE § 273 (Footnotes omitted); see *Hawthorne Partners v. AT&T Technologies, Inc.* 1994 WL 63054, 5 (N.D.Ill.,1994)("The preliminary report is hearsay because it is a collection of out-of-court statements that Hawthorne Partners would offer to prove the truth of the matters asserted in those statements."); and see *Figures v. Board of Public Utilities of City of Kansas City, Kan.*, 967 F.2d 357, 360 (10th Cir.1992). Additionally, the document is blatantly self-serving.

7. One page unsigned and undated letter addressed to Ms. Joanne E. Frasure, from Nancy K. Cabanas, Subj: Disability Retirement. Routed on 12/3/99 to 05B1, 05B, 05 and initialed by 05B1.

Reason for Objection: This is clearly a draft letter, which was never sent to the plaintiff. The letter is not material or relevant to the issues to be tried in the present case. The contents of

the letter constitute inadmissible hearsay in that it attempts to place in evidence the out of court statements of the author of the letter. "A statement otherwise objectionable as hearsay does not become competent because it is in the form of a letter. A letter is hearsay as to its contents and is not admissible unless it falls within one of the exceptions to the hearsay rule, or unless the letter is not offered to establish the truth of the matters contained in it. CJS EVIDENCE § 273 (Footnotes omitted); see *Hawthorne Partners v. AT&T Technologies, Inc.* 1994 WL 63054, 5 (N.D.Ill.,1994)("The preliminary report is hearsay because it is a collection of out-of-court statements that Hawthorne Partners would offer to prove the truth of the matters asserted in those statements."); and see *Figures v. Board of Public Utilities of City of Kansas City, Kan.*, 967 F.2d 357, 360 (10th Cir.1992). Additionally, the document is blatantly self-serving.

8. Exhibit RF-13. One page unsigned and undated letter, no addressee, first line reads: "Acceptable medical information must include the following (checked) information:" Signature line for Nancy K. Cabanas, routed on 10/8/99 to 05B1, 05B, and 05 – initialed by 05B1 and 05B.

   Reason for Objection: This is clearly a draft letter, which was never sent to the plaintiff. The letter is not material or relevant to the issues to be tried in the present case. The contents of the letter constitute inadmissible hearsay in that it attempts to place in evidence the out of

court statements of the author of the letter. "A statement otherwise objectionable as hearsay does not become competent because it is in the form of a letter. A letter is hearsay as to its contents and is not admissible unless it falls within one of the exceptions to the hearsay rule, or unless the letter is not offered to establish the truth of the matters contained in it. CJS EVIDENCE § 273 (Footnotes omitted); see *Hawthorne Partners v. AT&T Technologies, Inc.* 1994 WL 63054, 5 (N.D.Ill.,1994)("The preliminary report is hearsay because it is a collection of out-of-court statements that Hawthorne Partners would offer to prove the truth of the matters asserted in those statements."); and see *Figures v. Board of Public Utilities of City of Kansas City, Kan.*, 967 F.2d 357, 360 (10th Cir.1992).

9. Exhibit RF-15. One page unsigned and undated letter (first page only, no second page or signature line) addressed to Ms. Joanne E. Frasure, Subj: Determination of Ability to Perform Essential Duty Functions.

   Reason for Objection: This is clearly a draft letter, which was never sent to the plaintiff. The letter is not material or relevant to the issues to be tried in the present case. The contents of the letter constitute inadmissible hearsay in that it attempts to place in evidence the out of court statements of the author of the letter. "A statement otherwise objectionable as hearsay does not become competent because it is in the form of a letter. A letter is hearsay as to its contents and is not admissible unless it falls within one of the exceptions to the hearsay rule,

or unless the letter is not offered to establish the truth of the matters contained in it. CJS EVIDENCE § 273 (Footnotes omitted); see *Hawthorne Partners v. AT&T Technologies, Inc.* 1994 WL 63054, 5 (N.D.Ill.,1994)("The preliminary report is hearsay because it is a collection of out-of-court statements that Hawthorne Partners would offer to prove the truth of the matters asserted in those statements."); and see *Figures v. Board of Public Utilities of City of Kansas City, Kan.*, 967 F.2d 357, 360 (10th Cir.1992).[1]

10. Exhibit RF-16. Table of Contents, 1 pg.

    Reason for Objection: The table of contents of the defendant's dismissal file regarding the plaintiff is immaterial and irrelevant to the trial of the plaintiff's causes of action. Further, it is a backdoor attempt to place into evidence through this document allegations that the plaintiff was guilty of acts of misconduct. As such, the document is inadmissible as hearsay. Additionally, the document is self-serving and highly prejudicial.

11. Exhibit RF-17. Two page SF 50-B Notification of Personnel Action for Frasure, Joanne E. - Nature of Action "Removal" effective date 5/19/2000.

    Reason for Objection: The exhibit is immaterial and irrelevant to the trial of the plaintiff's causes of action. Further, it is a backdoor attempt to place into evidence allegations that the

[1] The defendant refers to RF-13 and RF-15 as two separate, one page letters. However, RF-13 and RF-15 constitute one, two page letter.

plaintiff was guilty of acts of misconduct. As such, the document is inadmissible as hearsay. Additionally, the document is self-serving and highly prejudicial.

12. Exhibit RF-18. Two page letter signed by Paul J. McCool to Ms. Joanne E. Frasure, dated May 12, 2000, "Subject: Removal" - stamped "Human Resources Copy." FedEx Tracking Information on last page of letter, signed by V. Christensen on 5/12/2000.

Reason for Objection: In particular, the statement in the letter, "[t]he sustained charges against you are: **inability to perform the essential duties of your position; failure to comply with a proper order from a management official; disrespectful conduct** (all charges)**; attempting to inflict bodily injury to another; negligence of duties;** and **use of obscene language to a caller",** is inadmissible hearsay. Additionally, the letter should be excluded as self-serving. "The action of the court in excluding letters written after the fact will seldom be disturbed. Apart from the hearsay aspect and there is such a problem letters written after a breach and after a party has become aware that litigation is imminent are seldom received. They are characterized as self-serving and inadmissible. See *Stone v. Union Fire Ins. Co.*, 106 Colo. 522, 107 P.2d 241 (1940); *Farris v. Sturner*, 264 F.2d 537 (10th Cir. 1959). The rationale for rejection of such evidence is that a party may not create evidence supportive of its position..."*United Telecommunications, Inc. v. American Television & Communications Corp*. 536 F.2d 1310, 1318 (10th Cir.1976). See also

*Erickson v. Charter Communications, Inc.*, 227 F.Supp.2d 1095, 1100 fn.8 (E.D.Mo.2002) ("The Court notes that most of the contents of the August 1999 letters are not referenced by the parties in their arguments. The Court could not and has not considered the contents of the letters for the truth of the matters asserted because they are comprised of inadmissible hearsay and are particularly self-serving to the parties. The Court will consider the letters as competent evidence only to the extent that they provide legal notice."); and see *Jones v. Board of Trustees of Community College Dist. No. 508*, 75 F.Supp.2d 885, 890 (N.D.Ill.1999) ("Finally, City Colleges seeks to have admitted into evidence the termination letter that a subsequent employer sent to Mr. Jones, dated September 16, 1996, because it states that "[t]he reason for your dismissal is [:] unsatisfactory work performance." This is hearsay within hearsay, since the letter is signed by Sandra Ragan, who is evidently with the personnel office, and not by his supervisor. The portion stating the reason for termination does not qualify under the business records exception. Personnel records giving dates of hire and separation, including the fact of termination, would indeed qualify, since enterprises keep such records in the course of their regular activities, and they have every incentive to make sure that the information is reliable. But the stated reasons for termination are not necessarily kept in the course of regular business activities, and are likely to be self-serving, since only a completely insane or truly heroic personnel officer would record a

blatantly illegal reason for termination even if it was the true reason. How often does one see a letter reading, "The reason for your termination is: you are too old"? Such statements therefore normally lack the indicia of reliability necessary for admissibility under the business records exception.").

13. Exhibit RF-20. One page entitled "Douglas Factors Statement, Proposed Removal, Joanne Frasure" Prepared and signed by Linda M. Titus, R.N.

Reason for Objection: The document contains multiple inadmissible hearsay declarations, is particularly self-serving to the defendant and is highly prejudicial to the plaintiff. See *United Telecommunications, Inc. v. American Television & Communications Corp*. 536 F.2d 1310, 1318 (10th Cir.1976) ("The action of the court in excluding letters written after the fact will seldom be disturbed. Apart from the hearsay aspect and there is such a problem letters written after a breach and after a party has become aware that litigation is imminent are seldom received. They are characterized as self-serving and inadmissible. See *Stone v. Union Fire Ins. Co.*, 106 Colo. 522, 107 P.2d 241 (1940); *Farris v. Sturner*, 264 F.2d 537 (10th Cir. 1959). The rationale for rejection of such evidence is that a party may not create evidence supportive of its position...*United Telecommunications, Inc. v. American Television & Communications Corp*. 536 F.2d 1310, 1318 (10th Cir.1976).") See also *Erickson v. Charter Communications, Inc.*, 227 F.Supp.2d 1095, 1100 fn.8 (E.D.Mo.2002) ("The Court

notes that most of the contents of the August 1999 letters are not referenced by the parties in their arguments. The Court could not and has not considered the contents of the letters for the truth of the matters asserted because they are comprised of inadmissible hearsay and are particularly self-serving to the parties. The Court will consider the letters as competent evidence only to the extent that they provide legal notice."); and see *Jones v. Board of Trustees of Community College Dist. No. 508*, 75 F.Supp.2d 885, 890 (N.D.Ill.1999) ("Finally, City Colleges seeks to have admitted into evidence the termination letter that a subsequent employer sent to Mr. Jones, dated September 16, 1996, because it states that "[t]he reason for your dismissal is [:] unsatisfactory work performance." This is hearsay within hearsay, since the letter is signed by Sandra Ragan, who is evidently with the personnel office, and not by his supervisor. The portion stating the reason for termination does not qualify under the business records exception. Personnel records giving dates of hire and separation, including the fact of termination, would indeed qualify, since enterprises keep such records in the course of their regular activities, and they have every incentive to make sure that the information is reliable. But the stated reasons for termination are not necessarily kept in the course of regular business activities, and are likely to be self-serving, since only a completely insane or truly heroic personnel officer would record a blatantly illegal reason for termination even if it was the true reason. How often does one see a letter

reading, "The reason for your termination is: you are too old"? Such statements therefore normally lack the indicia of reliability necessary for admissibility under the business records exception.").

14. Exhibit RF-21. Two pages entitled "Douglas Factors Statement, Proposed Removal, Joanne Frasure" Prepared and signed by Virginia Christensen, also signed by "Reviewing Officials" Margaret Veazey and Paul J. McCool.

    Reason for Objection: The document contains multiple inadmissible hearsay declarations, is particularly self-serving to the defendant and is highly prejudicial to the plaintiff. See preceding objection.

15. Exhibit RF-22. One page e-mail printout dated 5/07/00 from Gayatri Rao, Industrial Hygienist, to Virginia L. Christensen, forwarding message from Bernadette R. Montano sent on 11/17/99. Parts redacted.

    Reason for Objection: The document contains self-serving, handwritten commentary that is not part of the original document.

16. Exhibit RF-23. One page "Report of Contact, Joanne Frasure, Ward Clerk" by Linda Titus.

    Reason for Objection: The document contains inadmissible hearsay and is clearly self-serving.

17. Exhibit RF-26. One page "Report of Contact" dated 4/17/00, Subject: Report of Contact - Joanne Frasure, signed by Bernadette Montano, RN/HNM G4E, copy to Joanne 4/18/00 at 9:25 a.m., regarding making of appointments on Monday morning.

    Reason for Objection: The document contains inadmissible hearsay in that it contains conversations the author had with a third party. Additionally, the document is self-serving, composed after the decision to terminate the plaintiff had been made.

18. Exhibit RF-28. One page copy of a Routing and Transmittal Slip dated 5/12/00, addressed to President, AFGE Local 1674, signed by Virginia C., re: Decision on Proposed Removal.

    Reason for Objection: The routing and transmittal slip is irrelevant and immaterial to the issues involved in present litigation.

19. Exhibit RF-29. One page Department of Veterans Affairs Memorandum, from AFGE, Local 1674, Subj: Receipt of Evidence File, to Employee Relations, 05B. Signed by Ron Reynolds.

    Reason for Objection: The document is irrelevant and immaterial to the issues involved in present litigation.

20. Exhibit RF-30. One page signed by Richard N. Daniels, entitled "Joanne Frasure - Response to Proposed Removal" dated 4/21/2000.

Reason for Objection: The document is replete with inadmissible hearsay; it is self-serving and highly prejudicial.

21. Exhibit RF-33. One page Department of Veterans Affairs Memorandum, from AFGE, Local 1674, Subj: Receipt of Evidence File, to Employee Relations, 05B. Signed by Ron Reynolds on 4/4/00.

    Reason for Objection: The document is irrelevant and immaterial to the issues involved in present litigation.

22. Exhibit RF-48. One page "Report of Contact" by Linda Titus dated 12/20/99, re: Disability Retirement letter.

    Reason for Objection: The Report of Contact is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

23. Exhibit RF-49. One page "Report of Contact" by Linda Titus dated 12/20/99 re: Interviews for Patient Service Assistant.

    Reason for Objection: The Report of Contact is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

24. Exhibit RF-50. One page typed and hand-written document dated 1/7/00, from Bernadette Montano, Subj: Report of Contact - Joanne Frasure, regarding entering of transfers into computer.

Reason for Objection: The document is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

25. Exhibit RF-51. One page e-mail print-out from Bernadette Montano to "Ralph/Rachel" Subj: Follow-up: Entering of transfers into the Computer.

Reason for Objection: The email is comprised of inadmissible hearsay.

26. Exhibit RF-53. One page memo dated 7/22/99 Subject: ROC w/JoAnne Frasure/G4E, to Linda Titus, from Linda Sheehan. Regarding refusal to answer question.

Reason for Objection: The document is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

27. Exhibit RF-54. One page memo dated 7/28/99 Subject: Meeting with JoAnne Frasure, Miriam Williamson, Bernadette Montano, signed by Linda Sheehan. Regarding hostility concerning Lead Medical Clerk appointment of Linda Sheehan.

Reason for Objection: The document is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

28. Exhibit RF-55. One page memo dated 10/29/99 Subject: ROC w/Joanne Frasure, from Linda Sheehan to Linda Titus. Regarding hostility by Joanne Frasure.

Reason for Objection: The document is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

29. Exhibit RF-56. One page memo dated 11/2/99, Subject: Meeting with Joanne Frasure, Linda Titus, Linda Sheehan, John Dynan [sic], Ardie Gooch. Signed by Linda Sheehan. Regarding hostility between Joanne Frasure and Linda Sheehan.

    Reason for Objection: The document is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

30. Exhibit RF-57. One page memo dated 11/15/99, From Linda Sheehan to Linda Titus, Subj: Joanne Frasure. Regarding Joanne Frasure pushing chart rack into her.

    Reason for Objection: The document is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

31. Exhibit RF-58. One page e-mail print-out dated 12/30/99 from Linda Sheehan to Linda Titus, Subj: ROC w/J. Frasure. Regarding another incident with Frasure.

    Reason for Objection: The document is comprised of inadmissible hearsay. It is self-serving and highly prejudicial

32. Exhibit RF-59. One page memo dated 12/30/99 from Linda Sheehan to Linda Titus, Subj: Joanne Frasure. Regarding another incident with Frasure.

    Reason for Objection: The document is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

33. Exhibit RF-60. One page e-mail print-out dated 1/10/00 from Ann Wernicke to Linda Sheehan, Subj: Admission correction.

Reason for Objection: The document is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

34. Exhibit RF-61. One page Department of Veterans Affairs Report of Contact dated 1/13/00 from (illegible) Rosa, RN to Bernadette Montano. Regarding Frasure's refusal to talk to patient on phone.

Reason for Objection: The document is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

35. Exhibit RF-62. One page memo dated 1/4/2000 from Bernadette Montano, Subj: Report of Contact-Jonathan Guest. Regarding hang-up by Joanne Frasure.

Reason for Objection: The document is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

36. Exhibit RF-63. One page Department of Veterans Affairs Report of Contact dated 1/12/00 from Blase Price, RN regarding Joanne Frasure hang-ups and swearing.

Reason for Objection: The document is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

37. Exhibit RF-64. One page memo dated 1/12/00 by Linda Titus, Report of Contact, Jonathan Guest report of hang-up and swearing by Joanne Frasure.

    Reason for Objection: The document is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

38. Exhibit RF-67. One page memo, Report of Contact, Joanne Frasure, by Linda Titus, dated 12/20/99. Regarding Disability Retirement presentation to Joanne Frasure.

    Reason for Objection: The document is comprised of inadmissible hearsay. It is self-serving and highly prejudicial.

The plaintiff reserves the right to raise objections to defendant's exhibits VA-76 through VA-88. The defendant has as yet produced these exhibits for the plaintiff's review. Once the plaintiff is supplied with copies of these exhibits, it will forthrightly raise any legitimate objections to their introduction into evidence.

PLAINTIFF- JOANNE E. FRASURE

BY:_________________________________

Thomas W. Bucci, Esq.
Federal Bar # ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT 06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Email: thomasbucci@earthlink.net

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the within and foregoing Motion For Limine was mailed via first-class U.S. mail, postage prepaid, on this 3rd day of April 2006, to:

Carolyn A. Ikari, Esq.
Fed. Bar No. ct13437
Assistant U.S. Attorney
450 Main Street, Room 328
Hartford, CT 06103
Tel: (860) 947-1101
Fax: (860) 240-3291 (fax)
Email: carolyn.ikari@usdoj.gov

______________________________

Thomas W. Bucci, Esq.
Federal Bar # ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT 06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Email: thomasbucci@earthlink.net