UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOANNE E. FRASURE, | : | |
| Plaintiff, | : | CIVIL NO. 3:00CV2407(WIG) |
| v. | : | |
| R. JAMES NICHOLSON,<br>SECRETARY OF VETERANS AFFAIRS, | : | |
| Defendant. | : | April 12, 2006 |

**DEFENDANT'S ADDITIONAL PROPOSED JURY INSTRUCTION**

<u>Good Faith Effort to Make Reasonable Accommodation</u>

    Failure to make reasonable accommodation may result in an award of compensatory or punitive damages unless the covered entity "demonstrates good faith efforts, in consultation with the person with the disability who has informed the covered entity that accommodation is needed, to identify and make a reasonable accommodation that would provide such individual with an equally effective opportunity and would not cause an undue hardship on the operation of the business.

    Both parties have a responsibility to participate in an interactive process to determine the appropriate accommodation. Good faith participation in the interactive process may protect an employer from liability for punitive and compensatory damages.[1]

---

[1] Adapted from FED-JI CH. 172 OVERVIEW (). <u>See</u> also "In order to show that [defendant] failed to participate in the interactive process, Plaintiff must demonstrate that (1) [defendant] knew about his disability, (2) he requested accommodations or assistance for his disability, (3) [defendant] did not make a good faith effort to assist him in seeking accommodations, and (4) [plaintiff] could have been reasonably accommodated but for the lack of good faith. See <u>Taylor v. Phoenixville Sch. Dist.</u>, 184 F.3d 296, 319-320 (3d Cir.1999). However, where an employer makes reasonable efforts to communicate with an employee, liability under the [Rehabilitation Act] will not attach, and likewise, where the employee causes the interactive process to collapse, the employer will not be liable. See <u>Donofrio v. New York Times</u>, 99-CV-1576, 2001 WL 1663314 at *6-7 (S.D.N.Y. Aug.24, 2001) (Mag. J. Francis), adopted by, 2002 WL 230820 (S.D.N.Y. Feb.14, 2002); <u>Economou v. Caldera</u>, 99-Civ.- 12117, 2000 WL 1844773 at *23-24 (S.D.N.Y. Dec.18, 2000)." <u>Picinich v. United Parcel Service</u>, 321 F.Supp.2d 485, *511 (N.D.N.Y.,2004)

Respectfully submitted,

DEFENDANT,
R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


By_____   Date_____
CAROLYN A. IKARI
ASSISTANT U.S. ATTORNEY
450 Main Street, Room 328
Hartford, Connecticut  06103
(860) 947-1101
Fed. Bar No. ct13437

CERTIFICATION OF SERVICE

    I hereby certify that a copy of the foregoing has been hand-delivered this 12th day of April, 2006, to:

Thomas W. Bucci
Willinger, Willinger & Bucci
855 Main Street, 5th Floor
Bridgeport, CT 06604

_____
CAROLYN A. IKARI
Assistant U.S. Attorney