UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOANNE E. FRASURE,                           :

            Plaintiff,                       :

      v.                                     :      No.  3:00 CV 2407 (WIG)

                                             :
R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS,  :                   April 13, 2006

                                             :
            Defendant.                       :
_____/

## INDEX TO JURY CHARGE

STANDARD INTRODUCTORY CHARGE _____ 2
Government as Party _____ 3
Function of the Court and the Jury _____ 3
Conduct of Counsel _____ 4
Statements of the Judge and Counsel _____ 4
Burden of Proof _____ 5
Evidence _____ 6
Direct and Circumstantial Evidence _____ 7
Witness Credibility and Weight of Testimony _____ 8
Impeachment of a Witness _____ 10

SUBSTANTIVE CHARGE _____ 11
I.  Introduction _____ 11
II. Plaintiff's Disability Discrimination Claim Under The Rehabilitation Act _____ 11
    A. Otherwise Qualified for the Job _____ 12
    B. Intentional Discrimination _____ 14
    C. Business Judgment _____ 15
III. Plaintiff's Retaliation Claim Under The Rehabilitation Act _____ 16
IV. Damages _____ 18
    A. In General _____ 18
    B. Compensatory Damages _____ 19

STANDARD CONCLUDING CHARGE _____ 21
Use of Verdict Form _____ 21
Note Taking _____ 21
Conclusion _____ 21

## STANDARD INTRODUCTORY CHARGE

Members of the jury, you have listened to and seen the evidence in this case, and you have heard the arguments of counsel. I shall now instruct you concerning the law applicable to this case. You will then return to the jury room to deliberate in accordance with these instructions. At the outset, I want to express my thanks to you for the time and energy you have devoted to this trial.

Your first order of business will be to elect a foreperson who will preside over your deliberations and will be your spokesperson here in Court. The foreperson's responsibilities are to see that everyone gets a fair chance to speak and to be heard, and the foreperson attempts to maintain harmony and keep tempers and voices down. Also, the foreperson is responsible for sending out any notes that have to be sent to us. Beyond these responsibilities, however, the foreperson is no different than the other jurors. He or she has no greater vote and no greater power than any other juror.

It is your duty as jurors to follow the law as I state it to you in these instructions and to apply that law to the facts as you find them from the evidence in the case. If any attorney or any witness or exhibit has stated a legal principle different from anything that I state to you in my instructions, you must ignore any contrary interpretations of the law you may have heard and you must follow my instructions.

Even if you have opinions on what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the Court. It would also be a violation of your sworn duty if you were to base any finding of fact on anything other than the evidence presented to you in this case.

You must put aside any personal feelings you may have about the parties in this case. You

must perform your duties without bias or prejudice as to any party. Our system of law doesn't permit jurors to be governed or affected by sympathy or by prejudice. All persons are considered equal before the law.

## GOVERNMENT AS A PARTY

All parties come to court as equals, in the sense that they are entitled to the same rights and they are held to the same obligations under the law. For example, the Department of Veterans Affairs, as a branch of the Federal Government, and a natural person are entitled to the same consideration, no more and no less, and all of the parties have a right to have this case decided fairly under the law. In considering an entity like the V.A., you should understand that it can act only through its employees and agents. Consequently, for purposes of this case, you should consider the acts of Plaintiff's supervisors and the management officials and other employees acting within the scope of their employment at the V.A. as the acts of the V.A.

## FUNCTION OF THE COURT AND THE JURY

It is my function, and indeed my duty, to instruct you on the law applicable to this case. I may state a rule or direction in varying ways, or I may repeat certain instructions. If I do, I am trying simply to explain a complex idea, and I am not intending to give that one particular instruction any emphasis, nor should you infer any emphasis. For that reason, you are not to single out any one instruction or any particular sentence, and ignore the others. Rather, you are to consider the instructions as a whole, and to consider each instruction in light of all the others. Also, the order in which I instruct you about these things has no particular significance.

At this time, your function as members of the jury is to consider the evidence that you have heard in this courtroom and to determine the facts. You are the sole and exclusive judges of the

3

facts. Your determination of the facts is conclusive and it is your recollection of these facts that governs. Therefore, if, upon reflection and deliberation, your recollection of the facts is different from what the lawyers asserted in their closing arguments, please disregard what the lawyers have said and rely solely upon your own recollection.

**CONDUCT OF COUNSEL**

The lawyers in this case have a duty to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible. The lawyers also have the right and duty to ask the Court to make rulings of law. All those questions of law must be decided by me, as the Court. If you have any preference or sympathy for the lawyers for one side, you must not allow those preferences to enter into your decision making process. In making objections and arguments, however the rulings may have gone, these lawyers were doing their assigned jobs throughout. Any preferences as to counsel or feelings about their conduct must be put aside in your deliberations.

**STATEMENTS OF JUDGE AND COUNSEL**

At times throughout the trial, I was called upon to make rulings on various matters of law. I may have sustained some objections and I may have overruled others. Please do not draw any inferences from the fact that I sustained or overruled these objections. For example, if I allowed testimony or other evidence to be introduced over the objections of one of the lawyers, I did not mean to indicate that I have any opinion as to the weight or effect of such testimony or evidence. If, however, I sustained an objection as to certain questions, you must entirely disregard those questions. Nor should you consider any answers to those questions that may have come out before the objections were sustained. Finally, you should not attempt to infer what the answers to the questions would have been, if the questions had been allowed.

4

If during the trial I said anything or indicated anything in the questions that I asked of the various witnesses, which may have led you to believe that I am inclined to favor the position of one of the parties, you must completely disregard that. It was not my intention to encroach upon your function in determining the facts of this case. My questions of witnesses were asked purely for purposes of clarification and to attempt to assist you in understanding the case.

## BURDEN OF PROOF

Now, I'd like to explain the burden of proof. In all civil cases, the plaintiff – in this case, Ms. Joanne Frasure – has the burden of proving each essential element of her claim to you by a preponderance of the evidence. All this really means is that if the plaintiff is trying to prove a fact to you, she must show that the fact is more likely true than not true. "Preponderance of the evidence" also means "the greater weight of the credible evidence." By "credible evidence," the law simply refers to that evidence which you find worthy of belief. By "weight of the evidence," the law refers not, for example, to the number of witnesses or exhibits, but rather, to the quality of the evidence on one side or the other.

In order for the party with the burden of proof to prevail on a particular claim, your consideration of all the credible evidence must tend to persuade you to believe what that party claims. If after considering all of the evidence, you find that it weighs in favor of that party, then that party has sustained her burden of proof and you must render a verdict in her favor. If, however, the evidence weighs in favor of the other party, or even if, in your mind, the evidence is evenly balanced between the two sides, then the party with the burden of proof has failed to sustain her burden of proof and your finding must be for the other party.

In evaluating whether the plaintiff has carried her burden of proof by a preponderance of the

evidence, your conclusion cannot be based on mere speculation or conjecture. You are permitted, however, to draw reasonable inferences from the facts that you find have been proven. Inferences are deductions or conclusions which reason and common sense lead you to draw from such facts.

Some of you may have heard of proof beyond a reasonable doubt, which is the standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should put it out of your mind.

**EVIDENCE**

At this point, I want to give you a few words on evaluating the evidence in this case. At the outset, I want to mention that I am not going to review the evidence for you. I am sure the evidence is still fresh in your minds, and counsel have just reviewed their factual contentions in their summations. If any comments that I do make about the evidence differ from your own recollection, it is still your recollection that controls, not mine.

In performing your crucial responsibility of finding the facts, you must base your conclusions solely and exclusively upon the evidence that has been presented. There are several types or classifications of evidence:

First, there is the sworn testimony of the witnesses you have heard live here in the courtroom.

Second, there are the exhibits that have been introduced into evidence, regardless of which party introduced them.

Third, there is the testimony that you have heard read from depositions.

While you must consider only the evidence presented in this case, you are permitted to draw reasonable inferences from the testimony and evidence. A reasonable inference is not the result of guesswork or speculation. Rather, it is a conclusion that reason and common sense lead you to draw

6

from the evidence presented in the case.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

As a general rule, there are two types of evidence from which you may find the truth as to the facts of this or any other case: direct and circumstantial evidence. Simply put, direct evidence is the testimony of one who asserts actual knowledge of a fact, for example, an eyewitness. Circumstantial evidence, generally put, is proof of a chain of facts and circumstances that may indicate the existence or non-existence of a fact.

Now, to illustrate the difference between direct and circumstantial evidence, let us assume that the fact in issue in a case is whether it was raining on a particular afternoon. If a witness testified that he or she personally saw it raining that day, then we would say that we had direct evidence of that fact. On the other hand, if a witness testified that he or she was in a windowless room on that afternoon, but that when the witness came inside, the sky was overcast, and that while the witness was in the room, one person entered with a dripping wet umbrella while another walked in wearing a wet raincoat, we would say that we have circumstantial evidence of the fact that it was raining.

That is a very simple illustration.

Importantly, as a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that, before finding a charge proven, or a fact established, the jury be satisfied of the proof of that charge or fact by the appropriate standard--preponderance of the evidence--which I just discussed.

I'd also like to review for you what is NOT evidence. Testimony that has been stricken or excluded by the Court is not evidence and may not be considered by you in rendering your verdict.

7

What the lawyers have said in their closing arguments, in their objections, or in their questions is not evidence. Moreover, what I may have said during the trial or what I may convey in these instructions is not evidence, and my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. In addition, materials brought forth only to refresh a witness' recollection are not evidence. Finally, anything you have seen or heard outside the courtroom is not evidence in the case and must be entirely disregarded.

## WITNESS CREDIBILITY AND WEIGHT OF THE TESTIMONY

As the sole judge of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept as believable, and what weight you attach to it. You are not obligated to accept all of the evidence as true and accurate. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness' testimony. The testimony of a witness might not conform to the facts as they occurred because the witness is intentionally telling a falsehood, because the witness did not accurately see or hear that about which she testified, because the witness' recollection of the event is faulty, or because the witness has not expressed herself clearly. As you weigh each witness' testimony, consider how she testified on the stand. You watched each witness testify. Everything a witness said or did on the stand counts in your determination. How did the witness impress you? Did she appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was her demeanor--that is, her carriage, behavior, bearing, manner and appearance while testifying? Often it is not just what a person says, but how she says it that helps us evaluate her testimony.

8

There is no magic formula by which one may evaluate testimony. You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. In your everyday affairs, you determine for yourselves the reliability or unreliability of statements made to you or documents given to you by others. The same tests that you use in your everyday dealings are the tests that you should apply in your deliberations here.

The factors to be taken into your consideration in determining the weight, if any, you will assign to a witness' testimony include the interest or lack of interest of the witness in the outcome of this case; the bias or prejudice of the witness, if there is any; the appearance of the witness and the manner in which the witness gives testimony on the stand; the opportunity that the witness had to observe the facts about which she testified; any reason for the witness to remember or forget, the accuracy of the witness' memory, candor or lack of candor; and the reasonableness and probability of her testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

If in your deliberations it becomes apparent that there is a discrepancy in the evidence, you will have to consider whether the discrepancy may be reconciled by fitting the two stories together. If, however, that is not possible, you will have to determine which of the conflicting versions you accept.

## IMPEACHMENT OF A WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness' present testimony.

**Prior Inconsistent Statements:** Generally, the inconsistent statements are admitted into

9

evidence solely for the purpose of shedding light on the witness' credibility. Therefore, should you find that a witness' prior statements are inconsistent with her testimony, you may consider such prior statements, but only in connection with your evaluation of the credence to be given to the witness' present testimony in Court. That is, you may consider such prior inconsistent statements only for the purpose of judging the witness' present testimony in Court, and you are not to consider such prior statements for their own truth or falsity or for how they bear on the merits of the case. This is the general rule.

There is an exception to this general rule. If you find that a prior inconsistent statement of a witness was given under oath, subject to the penalty of perjury, such as in a deposition, that prior statement may be considered by you, both for its own truth or falsity, as well as in your evaluation of the witness' credibility. You may find an apparent inconsistency justified or unjustified. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If you believe that any witness has been impeached--and thus discredited as to any material fact--you are permitted to disregard the entire testimony of that witness based on the principle that one who testifies falsely about one material fact may testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. A witness may honestly be mistaken on one point of testimony yet entirely accurate on others. You may accept so much of his testimony as you deem true and disregard what you feel is false.

By the process I have just described to you, you as the sole judges of the facts, will determine which of the witnesses you will believe, what portion, if any, of their testimony you accept, and what weight you will give it.

## SUBSTANTIVE CHARGE

### I.    INTRODUCTION

The plaintiff, **JOANNE FRASURE**, has brought this action against her former employer, the **UNITED STATES DEPARTMENT OF VETERANS AFFAIRS**, or "the V.A." As I mentioned to you earlier, by law, the named defendant in this case is **R. JAMES NICHOLSON**, the current Secretary of the V.A. However, he has no personal involvement or personal liability in this case and, for all intents and purposes, you may consider the defendant to be the V.A.

In this case, Ms. Frasure claims that the V.A. violated a federal statute known as the Rehabilitation Act when it terminated her because of her disability and when it engaged in unlawful retaliation after she filed a grievance with her Union concerning the V.A.'s failure to promote her to Lead Medical Clerk. The V.A. denies both of these claims. In a moment, I will explain her claims in greater detail. But first, I'd like to caution you that the fact that the plaintiff has asserted these claims does not mean that she has suffered the wrongs she alleges. She must prove her claims of discrimination and retaliation by a preponderance of the evidence, and you may not attach any weight to the mere fact that allegations of wrongdoing have been made.

### II.    PLAINTIFF'S DISABILITY DISCRIMINATION CLAIM–REHABILITATION ACT

The Rehabilitation Act prohibits federal employers from discriminating against otherwise qualified individuals on the basis of disability. In particular, the Rehabilitation Act makes it unlawful for an employer to discriminate against a qualified individual with a disability by terminating her because of the disability, if she can perform the essential functions of her job, either with a reasonable accommodation, or without.

To prevail on her claim under the Rehabilitation Act, Ms. Frasure must prove each of the

11

following four elements by a preponderance of the evidence:

First, that as of May 19, 2000, she was an individual with a disability within the meaning of the Rehabilitation Act;

Second, that she was otherwise qualified for the job--meaning that she could perform all the essential functions of the job, with or without reasonable accommodation;

Third, that because of her disability, the V.A. intentionally discriminated against her by terminating her employment; and

Fourth, that as a direct result of the V.A.'s intentional discrimination, Ms. Frasure sustained damages.

The defendant acknowledges that Ms. Frasure was an individual with a disability within the meaning of the Rehabilitation Act, but denies that she was otherwise qualified for her position as Medical Clerk, and it denies that it discriminated against her because of her disability.

## A.    Otherwise Qualified for the Job

In order to prevail on her disability discrimination claim, Ms. Frasure must prove that she was a "qualified individual with a disability." This means that Ms. Frasure must show that, with or without a reasonable accommodation, she could perform all the essential functions of the job. To do so, she must prove to you that she had the requisite skill, physical ability, experience, education, and other requirements to perform the essential functions of the Medical Clerk position with reasonable accommodation, or without. The term "essential functions" means the fundamental job duties of the employment position, but does not include the marginal functions of that position. In deciding whether a job function is essential--and not a marginal function--you should consider (but are not bound by) the employer's judgment as to what functions of a job are essential. You may also

12

consider other evidence, if any, of written job descriptions, the amount of time the person in this position spends performing the function, and the consequences if the employee is not required to perform the function.

A "reasonable accommodation" means making modifications or adjustments to the work environment in order to allow a disabled employee to perform the essential functions of the job. A reasonable accommodation may include making existing facilities used by employees readily accessible to persons with disabilities; job restructuring; acquisition or modification of equipment or devices; a part-time or modified work schedule; or assignment to a vacant position. It does not, however, include changing or eliminating any of the essential functions of the job, shifting any of the essential functions of the job to another employee, or creating a new position for a disabled employee. Additionally, the term "reasonable accommodation" does not include efforts that would cause an undue hardship on the employer. Whether an accommodation is reasonable is a question of fact for you to decide.

If you find that Ms. Frasure had or satisfied the requisite skill, physical ability, experience, education, and other job-related requirements of the position of Medical Clerk, and was able to perform the essential functions of this position, with or without a reasonable accommodation, then she is a "qualified individual" under the Rehabilitation Act. If, on the other hand, she has not proven that she had or satisfied the requisite skill, physical ability, experience, education, and other job-related requirements of the position of Medical Clerk, and that she was not able to perform the essential functions of this position, with or without a reasonable accommodation, then you must conclude that she is not a "qualified individual" under the Rehabilitation Act.

13

### B.    Intentional Discrimination

If you find that the Ms. Frasure has established that she was disabled and was otherwise qualified to perform the essential functions of her position as Medical Clerk, with or without reasonable accommodation, she must next prove that the V.A. intentionally discriminated against her on the basis of her disability. In other words, Ms. Frasure must prove that the V.A.'s decision to terminate her was motivated by an impermissible discriminatory reason, namely, her disability.

Ms. Frasure is not required to produce direct evidence of discriminatory intent. Intentional discrimination, if it exists, is seldom admitted, but is a fact which you may infer from the existence of other facts. However, it is the plaintiff's burden to prove that her disability was a motivating factor in the V.A.'s decision to terminate her.

In assessing the circumstantial evidence to determine whether the V.A.'s intent or motive was discriminatory, you may consider whether the reasons offered by the V.A. for its actions are believable, or whether they are a pretext or cover-up for a discriminatory motive. A showing that the V.A.'s proffered legitimate explanation is not worthy of belief is one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive. You may infer from a false explanation that the defendant's intent was to cover a discriminatory purpose. If, on the other hand, you find that the V.A.'s proffered explanation is worthy of belief, that may be persuasive circumstantial evidence that it did not illegally discriminate against Ms. Frasure. However, it is not enough to believe that the non-discriminatory reason offered by the defendant is not the true reason; you must be persuaded that the actual reason for the action was discrimination because of the plaintiff's disability.

Ms. Frasure is not required to show that the V.A.'s articulated reasons for terminating her

14

were false or played no role in the decision to terminate her. However, she must prove that these were not the only reasons, and that her disability was a substantial or motivating factor in the decision to terminate her.

Ms. Frasure bears the ultimate burden of proving by a preponderance of the evidence that she was the victim of illegal discrimination because of her disability. Thus, it will be up to you to decide, based on all the direct and circumstantial evidence presented, whether Ms. Frasure has carried her burden of proving that it is more likely true than not that her disability was a substantial or motivating factor in the V.A.'s decision to terminate her.

### C. Business Judgment

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's disability. So far as you are concerned, an employer may discharge an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the employer even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their disability, other than reasonable accommodation, as I have explained to you.

Simply because an employer takes an unfavorable action toward an employee who is disabled does not mean that disability discrimination has taken place. Rather, employers must make employment decisions with respect to their employees without regard to their disability. Under the federal Rehabilitation Act, all personnel actions affecting federal employees, like the plaintiff, are to be made free from any discrimination based on disability.

15

Additionally, you cannot find in favor of Ms. Frasure simply because you feel sorry for her, nor can you reward her for past services to the V.A., or to the federal Government, or because of some general feeling that she deserved better treatment from the V.A. Your sole responsibility is to decide whether her disability was a motivating factor in the V.A.'s decision to terminate her.

If you determine that Ms. Frasure's disability was a motivating factor in the V.A.'s decision to terminate her, your verdict must be for Ms. Frasure on her disability discrimination claim. On the other hand, if you find that the V.A. was not motivated by Ms. Frasure's disability when the V.A. decided to terminate her, then your verdict must be for the V.A. on this claim.

## III. PLAINTIFF'S RETALIATION CLAIM

Ms. Frasure also alleges that the V.A. retaliated against her for complaining about unlawful employment practices. Under federal law, it is unlawful for an employer to discriminate against an employee because that individual has opposed an act or practice that she reasonably believes to be unlawful under the Rehabilitation Act or because that individual made a charge alleging discrimination under the Rehabilitation Act. That law provides that personnel actions affecting federal employment shall not be made in retaliation for an employee's making complaints of discrimination or engaging in other protected activity. Disability is not an element of retaliation action under the Rehabilitation Act.

Plaintiff claims that the V.A. illegally retaliated against her when it terminated her after she filed a grievance with the Union and a formal discrimination complaint with the V.A. Office of Resolution Management concerning the V.A.'s failure to promote her to the position of Lead Medical Clerk. In order for Ms. Frasure to prove her claim of retaliation, she has the burden of proving the following essential elements by a preponderance of the evidence:

16

First, that she engaged in protected opposition to discrimination;

Second, that the defendant was aware of plaintiff's protected opposition;

Third, that the defendant took adverse employment action against the plaintiff; and

Fourth, that there was a causal connection between the plaintiff's protected activity and the adverse action, in other words, that a retaliatory motive played a part in the adverse employment action.

In this case, the V.A. does not dispute that Ms. Frasure's filing a grievance with the Union and a formal discrimination complaint with the V.A. Office of Resolution Management were protected activities, and the V.A. does not dispute that it knew about the grievance and complaint. Additionally, there is no question in this case that Ms. Frasure was terminated. Thus, the issue for your determination is whether Ms. Frasure has proven by a preponderance of the evidence that a retaliatory motive played a substantial or motivating role in the V.A.'s decision to terminate her.

If the defendant offers evidence of a legitimate, non-retaliatory reason for its decision, you must find for the defendant unless the plaintiff proves that the reasons given by the defendant were pretextual, that is, they disguised an underlying intent to retaliate. Ms. Frasure is not required to show that the V.A.'s articulated reasons for terminating her were false or played no role in the decision to terminate her. However, she must prove that these were not the only reasons, and that retaliation against her for engaging in protected activity was a motivating factor in the decision to terminate her. It will be up to you to decide, based on all the direct and circumstantial evidence presented, whether Ms. Frasure has proved that it is more likely true than not that retaliation was a substantial or motivating factor in the V.A.'s decision to terminate her. It is not necessary for the plaintiff to prove that her protected activity was the sole or exclusive reason for the defendant's

17

decision. Rather she need only prove that it was a substantial or motivating factor in the defendant's decision to terminate her.

## IV.    DAMAGES

The final element that Ms. Frasure must prove to prevail on her disability discrimination claim or her retaliation claim under the Rehabilitation Act is that as a direct result of the V.A.'s intentional discrimination or retaliation, she sustained damages.

### A.    In General

If you find that the V.A. is liable to Ms. Frasure on either of her claims, then you shall consider the issue of damages. The fact that I give you instructions on damages should not be taken as an indication that I think damages should be, or should not be, awarded. This is a determination which is left entirely to you, the jury. I am instructing you on the principles governing damage awards so that, in the event you should find the V.A. liable, you will know on what basis to consider any award of damages.

The purpose of the law of damages is to award, as far as possible, just and fair compensation. It is for you, in the exercise of your best judgment, to say what is just and fair compensation. There is no fixed formula for you to apply. Instead, you should consider an amount that will reasonably and fairly compensate the injured party for any harm which the wrongful conduct of the other party was a substantial factor in bringing about. However, you should not speculate or guess as to damages. To award damages, you must be able to determine, based upon the evidence admitted at trial, the amount of damages with a reasonable degree of certainty. Absolute, scientific precision is not required, and, indeed, is usually impossible. Under no circumstance should you let sympathy, bias, or prejudice affect your consideration of the law and the evidence. It is the burden of the party

claiming she is entitled to damages to prove each element and item of damages by a preponderance of the evidence. It is not the other party's burden to disprove them.

In your determination of the damages to be awarded to Ms. Frasure, you must first determine that there is a causal connection between the actions of the V.A. and the injuries claimed and proved. You may award damages only for injuries that the plaintiff proves were "proximately caused" by the defendant's wrongful conduct. An injury or damage is "proximately caused" by conduct whenever it appears from the evidence in the case that the conduct played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the conduct. The defendant's actions must be a substantial factor in bringing about the harm the plaintiff claims to have suffered.

Thus, an injury or harm to the plaintiff which is not the result of unlawful conduct by the defendant does not entitle the plaintiff to damages. Similarly, the plaintiff is not entitled to damages for conduct of the defendant that does not cause harm or injury.

### B.    Compensatory Damages

When deciding the amount, if any, of damages to award Ms. Frasure, you may consider what the law refers to as "compensatory damages." Compensatory damages represent damages for emotional pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. You should consider the nature, character, and seriousness of any emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life which Ms. Frasure claims she felt. You must also consider its extent or duration, as any award you make must cover the damages endured by Ms. Frasure since the wrong-doing to the present time, and even into the future if you find as fact that the evidence presented justifies the conclusion that Ms. Frasure's emotional stress and its

consequences have continued to the present time and can reasonably be expected to continue into the future.

You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or which the plaintiff is reasonably likely to suffer in the future as a result of the defendant's wrongful conduct. You may not award damages based simply on speculation or guesswork. However, no evidence of monetary value of such intangible things as pain and suffering need be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial.

In calculating damages, you should <u>not</u> consider any lost earnings Ms. Frasure may have suffered or may suffer in the future. Should you find the V.A. liable, the loss of "back pay" and "front pay" is a damage calculation that will be made by the Court after you render your verdict.

Also, you are <u>not</u> to include attorney's fees as part of this award. It is the Court's responsibility to determine whether an attorney's fee award is appropriate and the amount of that award.

Additionally, you are <u>not</u> to award any punitive damages in this case, that is damages designed to punish the defendant or to send a message to prevent unlawful discrimination or retaliation in the future or to warn other employers not to engage in such unlawful conduct. Rather, any monetary award you make must be calculated solely to provide fair compensation to the plaintiff for her actual injuries caused by the unlawful conduct of the defendant and on no other basis.

## STANDARD CONCLUDING CHARGE

**VERDICT FORM**

To assist you in your deliberations, you will have a special verdict sheet that you must complete and return to the Court when you have reached your decision. You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date, and sign the verdict form. You will then inform the marshal that you have reached a verdict. The special verdict form must be used only in connection with the charge I have just given to you. The terms used in the verdict form are discussed in my instructions, and those instructions must govern your deliberations. The special verdict sheet reads as follows:

**[READ THE INTERROGATORIES FROM THE SPECIAL VERDICT FORM]**

**NOTE TAKING**

You were permitted to take notes during the course of the trial, and I noticed that some of you have taken notes. Those notes should be used solely as aids to jog your memory. You should not give your notes importance over your independent recollection of the evidence. If you did not take notes, you should rely on your own independent recollection of the proceedings and should not be influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

**CONCLUSION**

In a moment you will retire to begin your deliberations, and as you do, please be careful to listen to the opinions of other jurors as well as to ask for an opportunity to express your own views. It is your duty as jurors to consult with one another and to deliberate with a view to reaching an

agreement. No one holds center stage in the jury room or controls or monopolizes the deliberations. Do not be afraid to express your views, and do not be afraid to change your views because of pride of opinion if you later become convinced that your original views were wrong.

While you should not give in because you are outvoted, please listen carefully to the position taken by the other jurors in attempting to facilitate the course of justice by reaching a verdict. You cannot, however, surrender your own good conscience toward that end if you do not in good conscience agree with the other jurors. Justice through trial must always depend upon the willingness of each individual juror to seek the truth as to the facts.

Now, here in federal court, your verdict must be unanimous, and it must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each of you agree to it. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

You are about to go into the jury room to begin your deliberations. You will have all the exhibits, the verdict form, and a copy of these instructions with you. During your deliberations, if you have any questions, or if you want to hear any of the testimony played back for you, you will be brought back into the courtroom. Please remember that it is not always easy to locate what you might want, so if you wish to hear testimony, be as specific as possible in your request.

Your requests for testimony and, in fact, any communication with the Court must be made to me in writing, signed by your foreperson, and given to one of the marshals. I must also caution you that, in your communications with the Court, you should never specify how the jury stands--for example, your numerical division or otherwise. I will respond to your request as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. After you have retired to begin your deliberations, you are not to leave the jury room without first

notifying the marshal, who will escort you. And, no deliberations may take place without all jurors being present. When you have reached your verdict, inform the clerk, Carol, through the marshal. Then you will return to the courtroom and announce your verdict.

It is proper to add a _final_ caution: Nothing that I have said in these instructions -- and nothing that I have said or done during the trial -- has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Thank you.

**Counsel may approach the bench. "Exceptions or additions?"**

Alright, members of the jury, this is an important case. Every case is important to the parties who are involved in it, and this case is no exception. It is your duty to reach a verdict without being affected by any sympathy, bias, or prejudice. All of the parties want you to make a decision, and all of them want that decision to be a fair one. Although any party naturally hopes that it will receive a verdict in its favor, everyone is looking for a final and fair decision. Determine the facts on the basis of the evidence, as you have heard it, and apply the law as I have outlined it to you.

The jury may retire.